**UNITED STATES of America ex rel. Stanley HOWARD, Appellant,**

v.

**Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pa.**

**No. 17304.**

United States Court of Appeals Third Circuit.

Argued Nov. 8, 1968.

Decided Jan. 7, 1969.

H. David Rothman, Neighborhood Legal Services Association, Pittsburgh, Pa., for appellant.

Charles B. Watkins, Asst. Dist. Atty., County of Allegheny, Pittsburgh, Pa. (Robert W. Duggan, Dist. Atty. of Allegheny County, Carol Mary Los, Asst. Dist. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before KALODNER, FORMAN and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

In the instant case, the relator Howard killed an instructor in the State Correctional Institution at Pittsburgh, Pennsylvania, on November 12, 1965. Following his entry of a plea of guilty generally to a murder indictment, he was adjudged guilty of murder in the first degree by a Pennsylvania court and sentenced to death. He appealed to the Supreme Court of Pennsylvania, contending, *inter alia,* (1) he had a history of mental illness and was mentally ill at the time of the killing, and the sentencing court had not considered his mental illness in fixing the degree of guilt; (2) he was denied his "constitutional right to the effective assistance of counsel" by the failure of the prison authorities to give him a prompt mental examination; and (3) the imposition of the death sentence, under the prevailing circumstances, inflicted cruel and unusual punishment in violation of the Federal and Pennsylvania Constitutions.

The Pennsylvania Supreme Court affirmed the first degree murder adjudication and death sentence at [Com. v. Howard] 426 Pa. 305, 319, 231 A.2d 860, 867 (1967), in an opinion which considered all of relator's contentions and specifically ruled on the issue whether under the prevailing circumstances imposition of the death penalty constituted "cruel and unusual punishment in violation of the Federal and State Constitutions."

The relator petitioned the Supreme Court of the United States for a writ of certiorari, alleging that the imposition of the death penalty constituted cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the Federal Constitution. The petition was denied at 390 U.S. 911, 88 S.Ct. 839, 19 L.Ed.2d 884 (1968).

The relator then petitioned the United States District Court for the Western District of Pennsylvania for a writ of habeas corpus raising the identical issue presented in his denied petition for certiorari.

The District Court, in an opinion presently unreported, denied habeas corpus relief on the assigned ground that the relator had failed to exhaust available state remedies, viz., habeas corpus and/or the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq.

In doing so, it stated that it was "incumbent" upon it to deny relator's petition under United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir. 1967).

In its opinion, the District Court further stated:

"After a complete examination of the petition and record it appears that no factual issues are intended to be presented by counsel for the petitioner, but that a question of law is raised *which may or may not be a constitutional question.*" (emphasis supplied)

That *Singer* proved to be a slender reed upon which to lean is demonstrated by its reversal by the Supreme Court of the United States at 392 U.S. 647, 88 S. Ct. 2307, 20 L.Ed.2d 1358 (1968), subsequent to the filing of the District Court's opinion in the instant case.

It has now been made clear that once a federal habeas corpus petitioner's contentions have been presented to, and considered by a state's highest court, as in the instant case,[1] the petitioner must be regarded as having exhausted available state remedies. Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968); Roberts v. LaVallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

In accordance with what has been said, the Order of the District Court of April 26, 1968, denying the relator's petition, will be vacated, and the cause remanded with directions to the District Court to grant the relator a hearing on his petition on the merits.

[1] The Commonwealth, in the brief filed here in behalf of the respondent stated: "In its answer to the petition for writ of certiorari filed by petitioner in the Supreme Court of the United States, the Commonwealth admitted that petitioner had timely raised the federal questions presented by him in that petition. A comparison of the statement of the questions presented in the petition for writ of certiorari in the Supreme Court and of the statement of the questions presented to the lower court reveals that they are identical. Therefore, fairness compels the admission by the Commonwealth that petitioner timely raised these questions in the state courts."