UNITED STATES of America ex rel. James Morris FLETCHER,

v.

James F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.

No. 17433.

United States Court of Appeals Third Circuit.

Submitted on Briefs May 19, 1969.

Decided July 8, 1969.

---

James Morris Fletcher, pro se.

W. Bertram Waychoff, Dist. Atty. of Greene County, Pa., Waynesburg, Pa., for appellee.

Before FREEDMAN, SEITZ and AL-DISERT, Circuit Judges.

### OPINION OF THE COURT

**PER CURIAM.**

This *pro se* appeal comes to us as the latest episode in this state prisoner's continuing siege of the state and federal judicial machinery. The tangled state of the pleadings is attributable to what one state judge characterized as "such a barrage of paper flak that it is difficult to fly through it with full awareness of the present procedural position at any given time."[1] From this melange, we have been able to glean the following:

On the day after pleading guilty to charges of receiving stolen goods and prison breach in a Pennsylvania court on September 17, 1966,[2] the appellant attempted a second escape from his jailers. As a result of this unsuccessful endeavor, he was indicted again for prison breach and assault by a prisoner, was convicted by a jury and sentenced to 10–20 years imprisonment.[3] The conviction and sentence were appealed to the Pennsylvania Superior Court which affirmed without opinion in Commonwealth v. Fletcher, 211 Pa.Super. 738, 235 A.2d 824 (1967). An application for allocatur to the Supreme Court of that state was denied February 13, 1968.

After this denial, the appellant filed a petition seeking a writ of habeas corpus in the court below.[4] The grounds for relief submitted in this federal petition were substantially the same as those presented before the state courts of Pennsylvania in his direct appeal.[5] The district court denied the petition on the sole basis that Fletcher had not utilized the review yet available under the Pennsylvania Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq., and therefore had not exhausted his state remedies. In effecting such disposition of the case, the lower court relied on our decision in United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir. 1967), which intimated that recourse to state post-conviction procedures was an absolute *sine qua non* for seeking federal habeas relief.

Less than a month following this disposition in the lower court, the *Singer* decision was reversed without opinion

---

1. Opinion of President Judge Charles G. Sweet of Washington County, August 30, 1967, specially presiding in Greene County.

2. These convictions in the Court of Quarter Sessions of Greene County, Pennsylvania, at No. 22 September Term 1965, Nos. 13 & 14 December Term 1966 and No. 66 September Term 1965, are the subject of an appeal decided this date in United States ex rel. Fletcher v. Maroney, 413 F.2d 15 (3 Cir. 1969).

3. Court of Quarter Sessions, Greene County, No. 15 December Term 1966.

4. A petition for habeas relief was initially filed at Civil Action No. 68–222 but was dismissed for failure to comply with the Rules of Court. The petition was resubmitted at Civil Action No. 68–394, the denial of which is the subject of this appeal.

5. Among the various grounds for relief presented are: (1) Denial of process to compel the attendance of defense witnesses; (2) Denial of the opportunity to secure private counsel; (3) Use by the state of knowingly perjured testimony. In the disposition we make of this appeal, we express no opinion as to the substantive merit of these claims, some of which may be effectively answered by reference to the transcript of the state proceedings.

by the Supreme Court at 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968).[6] The import of this reversal was recently explored by this Court in United States ex rel. Howard v. Russell, 405 F.2d 169, 171 (3 Cir. 1969), where we concluded that:

"[O]nce a federal habeas corpus petitioner's contentions have been presented to, and considered by a state's highest court, * * * the petitioner must be regarded as having exhausted available state remedies."

Admittedly, the facts in the present appeal do not stand as one with those presented in Howard where the Pennsylvania Supreme Court had passed upon the merits of the claims submitted to the federal forum. Here, because the conviction was not felonious homicide, as in Howard, the appellant could appeal as a matter of right only to the state Superior Court.[7] Further review by the state Supreme Court was possible only if "specially allowed by the Superior Court itself or by any one justice of the Supreme Court." [8] Fletcher did apply for such further review by the Supreme Court but his request was denied. Under these circumstances, the requirement of exhaustion set forth in Howard, that "a federal habeas corpus petitioner's contentions have been presented to, and considered by a state's highest court," is satisfied.[9]

■ We hold that the appellant has effected full compliance with the state appellate apparatus; the state courts have thus been afforded full opportunity to adjudicate the matter. To require further recourse to the state post-conviction collateral machinery on issues already fully presented on direct appeal would be unnecessarily harsh and judicially wasteful. Roberts v. La Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967); Fay v. Nioa, 372 U.S. 391, 435, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brown v. Allen, 344 U.S. 443, 447, 73 S. Ct. 397, 97 L.Ed. 469 (1953); United States ex rel. Master v. Baldi, 198 F.2d 113, 116 (3 Cir. 1952).

■ Accordingly, the order of the district court denying relief for failure to exhaust state remedies will be vacated and the case remanded for further disposition consistent with this opinion.

6. Citing Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) and Roberts v. La Vallee, 389 U.S. 40, 88 S.Ct. 194, 19 L.Ed.2d 41 (1967).

7. Under the provisions of the Act of August 14, 1963, P.L. 819, § 1, 17 P.S. §§ 181, 182, the Superior Court is given "exclusive and final appellate jurisdiction of all appeals by or in the nature of an appeal, certiorari or writ of error in the folowing classes of cases:

All proceedings of any kind in the court of quarter sessions of the peace, oyer and terminer and general jail delivery, or before any judge thereof, except cases involving the right to public office, and in case of felonious homicide, in which cases the remedy by appeal to the Supreme Court shall not be affected by this act." This jurisdiction was not affected by the amendment of the state constitution in 1968.

8. The Act of August 14, 1963, 17 P.S. § 190 also provides that where any appeal has been submitted to the "final and exclusive decision" of the Superior Court, "there may still be an appeal from its judgment or order to the Supreme Court, if an appeal to the Supreme Court be specially allowed by the Superior Court itself or by any one justice of the Supreme Court."

9. We do not reach the question of what consequences, if any, might flow from the applicant's failure to apply for review of a Superior Court decision by the Supreme Court of Pennsylvania before initiating a federal habeas corpus petition.