**UNITED STATES of America ex rel. Norman WILCOX**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

**Misc. No. 4239.**

United States District Court
E. D. Pennsylvania.

Aug. 4, 1969.

Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, District Judge.

The relator was indicted on May 16, 1966 for robbery and related offenses. At the time of this indictment, relator was in custody in connection with a rape charge. In September 1966, while serving a sentence of four to ten years imposed in the rape case, the relator was transferred to Philadelphia County prison for trial on the robbery charges. On or about September 18, 1966, relator sought to invoke the provisions of a Pennsylvania statute requiring that, upon formal request by a prisoner, all untried indictments against him must be brought to trial within 180 days. Act of June 28, 1957, P.L. 428, section 1, 19 Pa.Stat.Ann. § 881.[1]

Thereafter, relator was brought to trial, beginning December 29, 1966, but the jury was unable to reach a verdict and a mistrial was ultimately declared. On January 10, 1967, the District Attor-ney's office received another notice from the relator. The case was called for trial on March 27, 1967, and the jury returned a verdict of guilty on March 29, 1967.

The sole issue raised by the relator's habeas corpus petition is that the Commonwealth had no jurisdiction to try him on March 27, 1967. Relator has exhausted his state remedies, United States ex rel. Fletcher v. Maroney, 413 F.2d 16 (3rd Cir. May 19, 1969), and the issue is presently before this Court.

The resolution of this issue involves the interpretation of two complementary Pennsylvania statutes, 19 Pa.Stat.Ann. §§ 881, 882. Section 881 requires that upon request prisoners currently under sentence "be brought to trial within 180 days" on any untried indictments. Pursuant to section 882, the Commonwealth's failure to comply with section 881 strips it of jurisdiction on the untried indictments.

There is no Pennsylvania authority dealing with a factual situation similar to the one presented herein. The relator was brought to trial on December 29, 1966, within the time set-out in section 881. Both sections 881 and 882 refer to trial dates, and not final disposition. Therefore, in my view, the section requires only that a prisoner be given a full and proper trial within the 180 day period. Under this interpretation, the Commonwealth has complied with the requirements of section 881.

Moreover, since the March 27, 1967 trial was within 180 days of both the mistrial and the second notice to the

---

1. The District Attorney argues that the relator did not bring himself within the provisions of this statute, since his written application was not accompanied by the required certification by the Warden as to the status of his existing commitment. The District Attorney states in his brief that the Warden of the Philadelphia County prison was unable to supply the required certificate because the relator's records remained at the state institution at Graterford, to which he was permanently assigned on the rape charge. For present purposes, it will be assumed that the relator properly invoked the statute. Notwithstanding some indications to the contrary in earlier lower court decisions, it seems doubtful that the Appellate Courts of Pennsylvania would hold that a prisoner could be denied the protection of the statute by the simple expedient of failing to furnish him with the certification of his records. Compare Commonwealth v. Udelson, 10 Chester 541 (1963) with Commonwealth ex rel. Bourekas v. Russell, 13 Chester 379 (1966). And see Commonwealth v. Klimek, 416 Pa. 434, 206 A.2d 381 (1965).

District Attorney, I express no view as to whether or not it was necessary for a relator to file a second notice.

To the extent that relator's petition may be construed to raise the issue of whether or not he was denied the right to a speedy trial guaranteed by the 6th Amendment, it is without merit. Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); United States v. Lebosky, 413 F.2d 280 (3rd Cir. July 2, 1969).

Accordingly, relator's petition for a writ of habeas corpus will be denied.