**UNITED STATES of America ex rel.
Roosevelt H. GREEN**

v.

**Alfred T. RUNDLE, Supt.**

**Misc. No. 4058.**

United States District Court,
E. D. Pennsylvania.

March 8, 1971.

Thomas Gibson, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for petitioner.

Mark Sendrow, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

Relator was convicted of aggravated robbery on July 26, 1966 by the Honorable James T. McDermott, sitting without a jury.[1] He was sentenced to a term of three to twenty years on August 5, 1966.[2]

A petition for a writ of habeas corpus was filed with this Court, alleging ineffective assistance of counsel. At that time the standard for determining the competency of counsel was found in United States ex rel. Carey v. Rundle, 409 F.2d 1210 (3rd Cir. 1969), which held that the representation must have been a "farce or mockery of justice" to be inadequate. *Id.* at 1213.

In the instant case relator was represented at trial by a member of the Defender Association who met with his client only moments before his scheduled trial. An investigator for the Defender Association had interviewed relator about two weeks before trial, and learned of his alibi defense, which was that he was working on the day of the crime and that verification could be found in his employer's work records. Counsel did not attempt to learn from his client whether or not the work records did in fact exist; nor did he explain the availability of a subpoena duces tecum; nor did he request a continuance in order to conduct a further investigation.

After an independent hearing, this Court found that counsel's representation of relator did not descend to the

1. Commonwealth v. Christine Griggs and Roosevelt Green, Philadelphia Quarter Sessions Court, June Term, 1966, No. 1232 and No. 1233.

2. The sentence of the court immediately following trial was four to twenty years, which was modified on August 5, 1966.

leval of a mockery of justice,[3] and denied his application for the writ.

Subsequent to our hearing, the United States Court of Appeals for the Third Circuit abolished the mockery of justice standard and substituted a test of normal competency, Moore v. United States, 432 F.2d 730 (3rd Cir. 1970), and remanded this case to this Court for a further hearing. United States of America ex rel. Green v. Rundle, 434 F.2d 1112, (3rd Cir. 1970). At page 1115 of that opinion the court said that it was reasonable "to put on petitioner the burden of showing that the missing evidence would be helpful." It further found that this could be done by developing "by the testimony of his employer or by production of the payroll records, that his alibi could in fact have been corroborated." *Id.* at page 1116.

At the subsequent hearing, held on February 18, 1971, relator's court-appointed counsel conclusively showed that relator's former employer, Charles Foust, would have testified that relator was employed on the day in question. The question of credibility must be left to the state courts; however, it is clear that had Mr. Foust been called relator would have at least been afforded an opportunity to corroborate his alibi defense.

Accordingly, the writ will issue, and a new trial will be ordered.

The Court wishes to express its special thanks to relator's counsel, Thomas Gibson, Esq., of the Philadelphia bar, who has represented relator at both district court hearings and before the Court of Appeals, filed learned briefs, and provided relator with outstanding representation, without remuneration, in accord with the highest traditions of the legal profession.

---

3. At the time of the state court conviction, attorneys for the Voluntary Defender Association were carrying a caseload of from 600 to 800 cases per year, and often as many as 40 to 50 a day. These figures were cited by the Third Circuit by way of explaining, but not excusing, the Defender Association attorney's actions. This Court considered these facts when determining that counsel's representation did not descend to the level of a mockery of justice.

## ORDER

And now, to wit, this 8th day of March, A.D. 1971, it is ordered that relator's petition for a writ of habeas corpus be and the same is hereby granted.

It is further ordered that execution of the writ be stayed for a period of sixty (60) days in order to permit the Commonwealth to retry relator if it so desires.

And it is so ordered.