**UNITED STATES of America ex rel.
Thomas J. X. MOORE**

v.

**Harry E. RUSSELL, Supt.**

**Misc. No. 69–590.**

United States District Court,
E. D. Pennsylvania.

July 7, 1971.

Thomas J. X. Moore, in pro. per.

Arlen Specter, Dist. Atty. for Philadelphia County, David Richman, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION AND ORDER

BODY, District Judge.

Before the Court is the request of Thomas J. X. Moore for a writ of habeas corpus.

On May 20, 1965, relator was found guilty after jury trial on charges of aggravated robbery (Philadelphia County, Bills of Indictment Nos. 1195–96, January Sessions 1965). He was sentenced to four to ten years imprisonment and is presently confined at the State Correctional Institution, Huntington, Pennsylvania.

On October 28, 1966, relator filed a petition under the Pennsylvania Post-Conviction Hearing Act [PCHA], 19 Pa. Stat.Ann. § 1180–1 et seq. (Supp.1971), attacking his conviction and requesting the right to appeal, nunc pro tunc. A hearing was held on relator's petition April 10, 1967, after which relator was granted leave to file post-trial motions, nunc pro tunc.

On August 28, 1967, Judge William I. Troutman heard argument on relator's post-trial motions, which he denied in an Order and Opinion of November 22, 1967. Judge Troutman reimposed the original sentence on December 26, 1967. The Superior Court affirmed the judgment of sentence on appeal. Commonwealth v. Moore, 213 Pa.Super. 721, 244 A.2d 172 (1968).

Relator notes in his present petition that he made some effort to submit a Petition for Allocatur to the Supreme Court of Pennsylvania but was unable to file his petition within the appropriate 30-day time period. There is no indication here that relator was aware that he could petition the Supreme Court for leave to petition for Allocatur, nunc pro tunc.

Relator thereafter sought relief by filing his present request for a writ of habeas corpus with this Court. He makes the following claims in his petition:

(1) Improper Arrest and Search

(2) Denial of a Fair Trial

(3) Knowing Use by Prosecutor of Perjured Testimony

(4) Obstruction of Direct Appeal

(5) Failure to Subpoena Alibi Witness at PCHA Hearing

(6) PCHA Hearing Judge Showed Prejudice

(7) Relator's Counsel for the PCHA Hearing Rendered Ineffective Assistance

(8) Opinion of Judge Troutman of August 28, 1967 did not face squarely the issues raised by relator.

Before dealing with relator's substantive claims, it is necessary to determine whether these claims are properly before us at this time; we must decide, at least with respect to some of relator's claims, that he has exhausted his state court remedies as required as a matter of comity by 28 U.S.C. § 2254 (Supp. V 1970).

We noted above that after relator was granted leave to file his post-trial motions, nunc pro tunc, these motions were denied; he then appealed to the Superior Court. Such appeal was of right. 17 Pa.Stat.Ann. §§ 181, 182 (Supp.1970). See Commonwealth v. Sliva, 415 Pa. 537, 204 A.2d 455 (1964). In this type of case, the jurisdiction of the Superior Court is the "exclusive and final appellate jurisdiction * * *." 17 Pa.Stat. Ann. § 181 (Supp.1970). See United States ex rel. Fletcher v. Maroney, 413 F.2d 16 (3d Cir. 1969). However, a further appeal can be had from a decision of the Superior Court if the Superior Court or one Justice of the Supreme Court specially allows. 17 Pa.Stat.Ann. § 190 (Supp.1970). In our present case, relator went no further than the decision of the Superior Court.[1]

■■■ The Court of Appeals has held that exhaustion is satisfied when the petitioner's contentions have been presented to and considered by the state's highest court. United States ex rel. Howard v. Russell, 405 F.2d 169 (3d Cir. 1969). Mere denial by the State Supreme Court of a relator's petition for allocatur has been held sufficient to satisfy this requirement but the Court of Appeals in so deciding did not reach the question now before us, which is whether a relator may properly petition for habeas corpus in federal court after having had his claims denied by the Superior Court but not having had any review in the Pennsylvania Supreme Court. United States ex rel. Fletcher v. Maroney, 413 F.2d 16, 17 & n. 9 (3d Cir. 1969). Under the circumstances of this case, we will entertain relator's petition.[2] United States ex rel. Thomas v. Rundle, Civ.Action No. 69–445 (E.D.Pa., April 12, 1971); United States ex rel. Bronson v. Russell, Misc. No. 69–317 (E.D.Pa., April 14, 1971).

Since relator has exhausted his state court remedies, we may proceed to a determination of his substantive claims. The complete state record is before this Court.

■ *Improper Arrest and Search*

In a sworn complaint dated January 13, 1965, Willie Shaw, one of the victims of the robbery for which Thomas Moore was arrested and convicted, identified Moore as having been one of the robbers who stole from him and Harry Anderson on October 8, 1964.[3] With this complaint and his own complaint stating es-

---

1. Relator alleges in his petition, in his response to Habeas Corpus Form Question No. 14(c), that he submitted a Petition for Allocatur to the Supreme Court but that the Prothonotary returned the petition because relator could not proceed as a pauper because relator had not enclosed the appropriate papers and records with his petition. Relator then had to have some of these papers typed and was unable to send them to the Supreme Court within the appropriate 30-day time period. Thus the Supreme Court has never had an opportunity to rule on relator's Petition for Allocatur.

2. We feel compelled to note also that this Court may deny relator's claims on their merits even when state remedies have not been exhausted. United States ex rel. Kelly v. Maroney, 414 F.2d 1228 (3d Cir. 1969); United States ex rel. Drew v. Myers, 327 F.2d 174 (3d Cir.), cert. den., 379 U.S. 847, 85 S.Ct. 88, 13 L.Ed.2d 52 (1964); In Re Ernst's Petition, 294 F.2d 556 (3d Cir.), cert. den., Ernst v. New Jersey, 364 U.S. 943, 81 S.Ct. 464, 5 L.Ed.2d 374 (1961).

3. Shaw did not rest his identification of Moore on photographs of Moore shown to him by the police, nor even of his immed-

sentially the same matter, Detective Otis Terry went before Magistrate Benjamin Segal to obtain an arrest warrant, which was issued that same day. Detective Terry also obtained an arrest warrant for Ethel Walker, to whom Thomas Moore claimed he was married and who was also implicated in the robbery. With these warrants, Detective Terry, Shaw and four uniformed officers went to 2220 North Tenth Street, Philadelphia, to serve the warrants. When Terry rang the bell, Moore answered the door. When he identified himself as, Thomas J. Moore, Shaw then identified Moore as one of the robbers. N.T.T. 42–43. After the arrest, Terry stated that he asked Ethel Walker for Willie Shaw's wallet which she then gave to Detective Terry. N.T.T. 88–90. Moore, in his present petition, contends that the wallet was obtained in an exploratory search of his home at the time of his arrest. The wallet was later introduced into evidence at Moore's trial.

It is not necessary for this Court to determine that the arrest was pursuant to a valid warrant since we conclude that there was probable cause to make the arrest here even without a warrant.[4] Probable cause exists when sufficient facts have been established to warrant a man of reasonable caution with reasonably trustworthy information in believing that an offense had been commit-

ted and that the accused had committed that offense. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); United States ex rel. Saunders v. Ziegler, 319 F.Supp. 492 (E.D. Pa., 1970). An arrest is valid when supported by probable cause even if a warrant under which the arrest is conducted is deemed invalid. Dearinger v. United States, 378 F.2d 346 (9th Cir.), cert. denied, 389 U.S. 885, 88 S.Ct. 156, 19 L.Ed. 2d 183 (1967).

The arrest of Moore was not made until Shaw, the victim, had identified Moore as one of the robbers. Arrests in similar circumstances as here have been held to be supported by probable cause. United States v. Curtis, 138 U.S.App. D.C. 360, 427 F.2d 630 (1970); United States ex rel. Foreman v. Casseles, 311 F.Supp. 526 (S.D.N.Y.1970); United States ex rel. Young v. Rundle, 308 F. Supp. 147 (E.D.Pa.1969); United States v. Margeson, 246 F.Supp. 219 (D.Me. 1965).

Further, the wallet was properly seized. Relator was given a hearing on his PCHA petition and the means by which the wallet was obtained by Detective Terry was reviewed. The PCHA court explored relator's contention, but did not make a finding of an exploratory search. Relator presents no new information to this Court which indicates any error by the PCHA court. See Townsend v. Sain,

iate recollection after the events of the robbery (the robbers had attempted to conceal their identities by the use of facial makeup and hoods). See Notes of Trial Testimony 11, 25–28 [hereinafter N.T.T.]. Rather, on the day after the robbery Shaw claimed that Ethel Walker called him and told him that Moore had his wallet. N.T.T. 41. It was after this occurrence that Shaw's recollections began to link Moore to the robbery. N.T.T. 43–44. When he felt he was sure of the identification of Moore, he reported it to Detective Terry on January 13, 1965. N.T.T. 44.

4. The Court does wish to point out that the complaints presented to the Magistrate, prior to his determination that there was probable cause to issue an arrest warrant, were far from ideal. Willie Shaw's complaint did, of course,

state the facts of the robbery on the basis of personal knowledge, see Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), but his identification of Moore was conclusory only. The complaints of Shaw and Detective Terry make it very difficult for a Magistrate to make an independent determination of probable cause, as required by Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958) and Aguilar v. Texas, supra; see Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (March 29, 1971).

An arrest without a warrant is valid under Pennsylvania law if the police had reasonable grounds to believe that the accused had committed a felony. Commonwealth ex rel. McNeair v. Rundle, 416 Pa. 301, 206 A.2d 329 (1965).

372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). We note that even had there been a search incident to the arrest of relator Moore and Ethel Walker, the seizure of the wallet would have been proper under the then prevailing standard of United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1949).[5]

■ Relator challenges the propriety of the arrest on the ground that the warrant designated a different dwelling from the one where relator was arrested. We note first that it was an arrest warrant that was issued, not a search warrant. Had the police, under the authority of a search warrant designating a particular residence, searched the wrong residence relator would have a bona fide grievance. Here, however, the arrest warrant merely noted the alleged address of relator Moore; that the actual arrest occurred elsewhere is of no consequence as long as there was probable cause to support the arrest. This is true in this case where we have decided that, since there was probable cause to support the arrest, we need not determine the validity of the arrest warrant.

### ■ Denial of a Fair Trial

■ Relator claims that the joinder of his wife, Ethel Walker, as a co-defendant deprived him of his constitutional right to a fair trial. Since he has never presented this particular claim to the state courts, we are compelled to dismiss without prejudice this claim for failure to exhaust state court remedies as required by 28 U.S.C. § 2254 (Supp. V 1970); United States ex rel. Fletcher v. Maroney, 413 F.2d 16 (3d Cir. 1969).

### ■ Knowing Use by Prosecutor of Perjured Testimony

■ Relator contends that the trial prosecutor and three of his witnesses, Willie Shaw, Harry Anderson (both vic-

tims of the robbery), Detective Terry, committed perjury. This charge was reviewed by the PCHA court and the court there found no facts to support relator's claim. Notes of Testimony PCHA Hearing 26–31, 58. [Hereinafter cited as N.T. PCHA]. Relator here presents no new evidence to us to indicate that the PCHA court erred. Hence we accept the finding of the PCHA court that there is no factual basis for this claim. Townsend v. Sain, supra. We cannot grant relief on this claim.

### ■ Obstruction of Direct Appeal

■ Relator contends that he was denied due process of law when the Prothonotary of the Court of Common Pleas prevented his filing of his first attempted direct appeal within the appropriate time period. Since relator was later granted a direct appeal, nunc pro tunc, after the PCHA court found in relator's favor on this point, we find no merit in this allegation. United States ex rel. Madison v. Rundle, 422 F.2d 49 (3d Cir. 1970).

### ■ Failure to Subpoena Alibi Witness at PCHA Hearing

### ■ PCHA Hearing Judge Showed Prejudice

### ■ Relator's Counsel for the PCHA Hearing Rendered Ineffective Assistance

None of these allegations directly attack the lawfulness of relator's conviction under which relator is "in custody." Hence, we question whether such claims are reviewable upon a request for the writ of habeas corpus. To the extent that these allegations attack the integrity of the state collateral proceeding upon which we are now in part relying, we feel compelled to consider relator's allegations. See Townsend v. Sain, supra.

Relator has complained that an alibi witness was not presented before the

5. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969) which imposes stricter standards with respect to searches incident to arrest, is not retro-

active. United States v. Schartner, 426 F.2d 470 (3d Cir. 1970); Williams v. United States, 401 U.S. 646, 91 S.Ct. 1148, 28 L.Ed.2d 388 (April 5, 1971).

PCHA court and that his attorney at the PCHA proceeding did not take steps to produce this alibi witness. It is this charge which forms the basis of relator's claim of ineffective assistance of counsel at his PCHA hearing. We note that relator previously had made this same claim with respect to his trial counsel.

The Court of Appeals has recently held that the Due Process Standard for the determination of a claim of ineffective assistance of counsel at trial is one of normal competency. Moore v. United States, 432 F.2d 730 (3d Cir.1970); United States ex rel. Green v. Rundle, 326 F.Supp. 456 (E.D.Pa. 1971). The court, in an attempt to give a contour to this new standard, referred to recent Supreme Court language: "Whether a plea of guilty is unintelligent and therefore vulnerable when motivated by a confession erroneously thought admissible in evidence depends as an initial matter, not on whether a court would retrospectively consider counsel's advice to be right or wrong, but on whether that advice was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 770–771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). The Court of Appeals also noted that what was required is "normal and not exceptional representation \* \* \*". Moore v. United States, supra.

■ Relator's trial counsel was called to testify at the PCHA hearing and pointed out that relator had told him that the alleged alibi witness was unreliable and wouldn't stand up. N.T. PCHA 40–45.[6] At his trial, relator was identified by the two victims of the robbery. We do not believe that, under the facts of this case, failure to call an alibi witness was a departure from the normal competency standard developed in the *Moore*

decision. As the Third Circuit has noted in a similar case, "When a habeas corpus petitioner alleges as a ground for relief the failure of counsel to exercise normal competence in presenting specific trial evidence it is reasonable, we think, to put on petitioner the burden of showing that the missing evidence would be helpful." United States ex rel. Green v. Rundle, 434 F.2d 1112 (3d Cir. 1970). The Post Conviction Hearing indicated that this alibi witness would not have been helpful at trial. Hence, we see no error in counsel's failure to call an alibi witness at the Post Conviction Hearing.[7]

The relator's contention that the PCHA judge showed prejudice rests on two grounds: (1) that the judge allowed perjured testimony to be given and (2) that the judge put the burden of proof on the relator to prove that Detective Terry knowingly committed perjury.

■ With respect to (1), we note that relator's allegation is substantially the same as his third claim for relief before us. He claims that Detective Terry knowingly lied with respect to the date on which the complaint was signed by the complaining victim and the date the arrest warrant issued. We have carefully reviewed both the Notes of Testimony of his trial and his PCHA hearing. Relator was given an opportunity by the PCHA judge to present any evidence he had which would indicate knowing perjury by Detective Terry; he was unable to do so. N.T. PCHA 27–31. Upon a review of the record of the PCHA hearing, we find that relator was not prejudiced by the judge with respect to the presentation of this claim. See Townsend v. Sain, supra.

With respect to (2), we note that the Pennsylvania Post-Conviction Hearing Act imposes the burden of proof on the relator, subject to certain exceptions. 19

---

6. Relator had waived his attorney-client privilege before his attorney was questioned on these matters.

7. We are not deciding whether relator has a federal constitutional right to counsel at his PCHA hearing. We consider this claim only insofar as it may reflect on the fairness of the PCHA hearing. There is a state statutory right to counsel at PCHA proceedings. Commonwealth v. Minnick, 436 Pa. 42, 258 A.2d 515 (1969).

Pa.Stat.Ann. § 1180–3 (Supp.1970). Commonwealth ex rel. Washington v. Maroney, 427 Pa. 599, 235 A.2d 349 (1967). We cannot find the conduct of the PCHA judge prejudicial when all he has done is to apply the burden of proof compelled by state law.

*Opinion of Judge Troutman of August 28, 1967 did not face squarely the issues raised by relator*

What this claim amounts to, according to relator's habeas corpus petition, is that the Honorable William I. Troutman in ruling on relator's post-trial motions, filed nunc pro tunc, did not agree with relator's position on claims which he has again presented to us in his federal habeas corpus petition. Since we have discussed all of these grounds independently above, we find that this last claim of relator is but a mere restatement of his earlier claims, and find no merit in it.

Accordingly, for all the reasons above-stated, we are compelled to deny the request for a writ of habeas corpus.