**UNITED STATES of America ex rel. Sp 4/c Norman WILCOX, U. S. Army, Appellant,**

v.

**COMMONWEALTH OF PENN-SYLVANIA.**

No. 18240.

United States Court of Appeals, Third Circuit.

Submitted on Briefs June 21, 1971.

Decided Aug. 11, 1971.

Norman Wilcox, pro se.

James D. Crawford, Deputy Dist. Atty., Philadelphia, Pa. (Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., on the brief), for appellee.

Before VAN DUSEN and ROSENN, Circuit Judges, and KRAFT, District Judge.

OPINION OF THE COURT

PER CURIAM:

This appeal is from an order denying a petition for a writ of habeas corpus by a state prisoner who contends that he was not "brought to trial" within 180 days after he requested final disposition of a pending indictment while he was serving a sentence on another state charge as required in 19 P.S. § 881.[1]  See

1. 19 P.S. § 881 provides:
"(a) Whenever any person has entered upon any term of imprisonment in any state, county or municipal penal or correctional institution of this Commonwealth, and whenever during the continuance of the term of imprisonment there

is pending in this Commonwealth any untried indictment against any such prisoner, he shall be brought to trial within one hundred eighty (180) days after he shall have caused to be delivered to the District Attorney of the County in which the indictment is pending and the appro-

United States ex rel. Wilcox v. Commonwealth of Pa., 302 F.Supp. 94 (E.D.Pa. 1969). While serving a state sentence in a state institution, relator wrote the District Attorney on September 18, 1966 as follows:

> "As a member of the Armed Forces, I respectfully request a disposition of the untried indictments lodged against me under due process of the law." [2]

The District Attorney received the letter on September 21, 1966 and responded by letter of October 21, 1966 as follows:

> "Our records indicate one indictment outstanding against you—May Sessions, 1966, Bill Number 5399–5402. That case was listed for trial on October 4, 1966 but was continued because neither you nor your co-defendant was prepared for a court appearance. This office will do its best to assure a prompt disposition of your case."

The case was called and tried to a jury on December 29, 1966 but a mistrial was declared when the jury was unable to reach a verdict.[3] The case was again called to trial on March 27, 1967 and relator's motion to dismiss the prosecution for failure to bring him to trial within 180 days of September 19 was denied. After the jury returned a verdict of guilty on Bills 5399–5401 and relator had been sentenced, an appeal to the state appellate court resulted in affirmance of the judgment of sentence.

See Commonwealth v. Wilcox, 213 Pa. Super. 730, 244 A.2d 183 (1968), Allocatur denied (Pa. Supreme Court #365–A Misc. #16, October 28, 1968).

For the reasons so ably stated by Judge Fullam, we agree with the district court's conclusion that the December 1966 trial complied with the above mentioned state statute (see note 1) which "requires only that a prisoner be given a full and proper trial within the 180 day period. Under this interpretation the Commonwealth has complied with the requirements of section 881." Since the above mentioned district court opinion, this court has pointed out in United States ex rel. Bennett v. Rundle, 419 F.2d 599, 602–603 (3rd Cir. 1969): [4]

> "Relator's claim on this interesting question of statutory construction amounts to no more than a disagreement with the state courts' resolution of a state law problem. It does not present a federal question, for there is no claim that relator is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). We therefore would not have authority to grant relief even if we disagreed with the state courts' construction of the statute."

Accordingly, the district court's order denying the petition for a writ of habeas corpus will be affirmed.

---

priate court written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment: Provided, That for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. * * * "

2. For reasons stated below, it is not necessary to decide whether this language constituted the "written notice" contemplated by the statute as noted above. Cf. Comm. v. Bell, 276 A.2d 834 (Pa. 1971).

3. At this time, a motion to nolle prosse Bill No. 5402 was granted.

4. The other contentions raised by relator have been considered and rejected.