**UNITED STATES ex rel. Regis Charles SCHULTZ, Appellant,**

v.

**Joseph BRIERLEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania.**

**No. 18890.**

United States Court of Appeals, Third Circuit.

Submitted Sept. 20, 1971.

Decided Oct. 18, 1971.

Regis C. Schultz, pro se.

W. Thomas Malcolm, Dist. Atty., Indiana, Pa., for appellee.

Before VAN DUSEN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is an appeal from the denial in the district court of a habeas corpus pe-

tition. Appellant was convicted of burglary in a Pennsylvania County Court of Quarter Sessions. He made a timely but unsuccessful motion for a new trial, and appealed his conviction to the Superior Court of Pennsylvania which affirmed. Commonwealth v. Shultz, 213 Pa.Super. 783, 249 A.2d 356 (1968). Allocatur was denied by the Pennsylvania Supreme Court. Thereafter he filed a petition in the district court for habeas corpus. The district court, without a hearing, entered an order as follows:

> AND NOW, this 18th day of March, 1970, upon consideration of application of above-named applicant for habeas corpus, and it appearing that applicant has failed to exhaust his State remedies.

> It is ORDERED that the said application be and it hereby is denied.

This cryptic order makes no reference to the contentions set forth in the petition for habeas corpus or to the state remedies to which the district court refers in its order. Appellant petitioned for reconsideration or in the alternative for a certificate of probable cause to appeal. 28 U.S.C. § 2253 (1970). In an equally cryptic order the district court denied the petition for reconsideration but granted the certificate of probable cause.

We have examined the petition for habeas corpus and compared it with the briefs filed by appellant and on his behalf in the Superior Court of Pennsylvania. It is clear that the same contentions which are advanced to the district court in the petition for habeas corpus were raised on direct appeal in the Pennsylvania courts and rejected. Indeed the appellee does not contend otherwise. Rather, the Commonwealth's sole contention is that the availability of a remedy under the Pennsylvania Post Conviction Hearing Act, 1965, Jan. 25, P.L. 1580 § 2, 19 P.S. 1180-2 (Purdon's Supp. 1971) brings into operation the rule requiring exhaustion of available state remedies, 28 U.S.C. § 2254(b) and (c). In view of the state court record we conclude that the state remedies to which the district court referred in its March 18, 1970 order must be those of the Post Conviction Hearing Act. Thus the district court held that a state prisoner who has properly raised and preserved federal constitutional questions at his trial in a state court, and who has pursued those questions through all available state court channels of direct appeal, must also avail himself of state post-conviction relief procedure before seeking relief under 28 U.S.C. § 2241 (1970).

At one time this circuit regarded the existence of state post-conviction remedies, still available at the time of the filing of a federal habeas corpus petition, as a bar to habeas corpus relief. United States ex rel. Singer v. Myers, 384 F.2d 279 (3 Cir.1967). The Supreme Court, however, reversed. Singer v. Myers, 392 U.S. 647, 88 S.Ct. 2307, 20 L.Ed.2d 1358 (1968). Since *Singer* we have held consistently that a state prisoner's thorough exercise of direct appellate remedies is a sufficient exhaustion of state remedies for federal habeas corpus purposes. United States ex rel. Bennett v. Rundle, 419 F.2d 599 (3 Cir.1969); United States ex rel. Fletcher v. Maroney, 413 F.2d 16 (3 Cir.1969); United States ex rel. Howard v. Russell, 405 F. 2d 169, 171 (3 Cir.1969). Since, so far as we can tell, the only reason for denial of the appellant's habeas corpus application was his failure to press, in a Pennsylvania collateral proceeding, those federal claims which he had already raised on direct appeal, the order appealed from shall be reversed and this cause remanded for further proceedings. We express no view as to whether those further proceedings may be restricted to a review of the Pennsylvania court records or must include an evidentiary hearing. We urge, however, that whatever final disposition is made in the district court, the reasons relied upon for that disposition be disclosed to the litigants and to a reviewing court less cryptically than in the order now before us.