## Commonwealth v. Dewald

*George J. Joseph,* District Attorney, and *Stuart T. Shmookler* and *Richard J. Orloski,* Assistant District Attorneys, for Commonwealth.

*William H. Platt,* Public Defender, and *Charles J. Fonzone,* Assistant Public Defender, for defendant.

WIEAND, *J.,* November 25, 1975—The Commonwealth has filed a petition pursuant to Pa. R. Crim. P. 1100(c) for an extension of time within which to commence trial in the above-captioned cases. From evidence produced at a hearing thereon, the following facts appear:

As a result of complaints filed on various dates in January 1975, Roger Charles Dewald was indicted in March 1975 on four charges of burglary and four charges of conspiracy arising out of four separate episodes. In criminal actions nos. 679 and 680, Dewald was tried and convicted by a jury before our colleague, the Hon. John E. Backenstoe, on April 25, 1975. Post-trial motions were filed and have not been determined. A conspiracy charge to no. 681 was dismissed during trial.

In cases nos. 508 and 509, trial by jury was commenced on June 17, 1975, before the writer of this opinion. The trial was aborted on the first day of trial, however, when Dewald's motion for mistrial was granted. The cases were reattached for trial on

September 16, 1975, and after a five-day trial covering portions of both weeks of the September term, verdicts of "not guilty" were returned on September 22, 1975.

In case no. 600, trial was commenced before the Hon. Henry V. Scheirer on June 13, 1975, but it, too, resulted in a mistrial. On June 20, 1975, during the second week of the June term of criminal jury trials, defense counsel requested a continuance of the trial. The reason given for the continuance was that the panel from which the jury would have been selected was the same panel from which the jury contaminated by the prejudicial information disclosed during the trial of cases 508 and 509 had been selected. At that time, Dewald and his counsel expressly waived all rights under Pa. R. Crim. P. 1100. This action could not be retried during the September term of Criminal Court because Dewald and his attorney were then engaged in the retrial of cases 508 and 509.

Cases 682 and 683 were not tried in April 1975. Although Dewald's counsel requested a continuance of cases 508, 509 and 600 because of his unavailability, it is not clear whether the same request was made in nos. 682 and 683.[1] In any event, a further continuance was requested and granted in June 1975, at which time Dewald expressly waived all rights under Rule 1100. For reasons already noted, these cases also could not be tried in September.

Under these circumstances, we believe an exten-

1. On the face of the praecipe for continuance, the numbers 682 and 683 have been lined out, but the reverse side of the praecipe continues to make reference to such cases. This ambiguity is not clarified by the court order which merely grants the continuance as "prayed for."

sion of time to commence trial in cases 600, 682 and 683 should be granted. Indeed, it is questionable whether a court granted extension is required. Not only has there been due diligence by the Commonwealth, but defendant and his attorney have been almost continuously unavailable for trial in these matters because they were engaged in trials on other charges at every term of criminal court since indictments were returned in March 1975.

Subsection (d)(1) of Pa. R. Crim. P. 1100 specifically provides that, in determining the 180 days within which trial must commence, there shall be excluded any period of delay which results from the unavailability of defendant or his attorney. The need to exclude periods of delay resulting from the trial of other charges against defendant is also recognized by section 2.3(a) of the A. B. A. Standards Relating to Speedy Trials.

In case no. 600, trial was commenced on June 13, 1975, but resulted in a mistrial. Because Dewald was engaged in the trial of other charges in September, the case could not then be retried. A retrial which is commenced during the December term of jury trials, therefore, will be in compliance with Pa. R. Crim. P. 1100: United States ex rel. Wilcox v. Commonwealth of Pennsylvania, 446 F.2d 1377 (3d. Cir., 1971).

Finally, it is clear that in all these cases, Dewald has at one time or another waived the time limitations imposed by Pa. R. Crim. P. 1100. He did so as an inherent part of his motions for continuances of trials in such cases. Consequently, he cannot complain of the extension now requested by the Commonwealth. See Commonwealth v. Hickson, 235 Pa. Superior Ct. 496, 344 A.2d 617 (1975).

The Lehigh County court calendar provides for

two weeks of criminal trials in December and two additional weeks in January 1976. We will extend the time of trial in case no. 600 until December 12, 1975, and the time for commencing trial in nos. 682 and 683 until January 23, 1976.

### ORDER

Now, November 25, 1975, the application of the Commonwealth for an extension of time within which to commence trial in the above-captioned cases is granted; provided, however, that trial in criminal action no. 600 shall be commenced not later than December 12, 1975, and trial in nos. 682 and 683 shall be commenced no later than January 23, 1976.