**Walter KARAS, Petitioner,**

v.

**Howard BEYER, et al., Respondents.**

**Civ. No. 87–1082 (AET).**

United States District Court,
D. New Jersey.

Aug. 12, 1988.

Walter Karas, Trenton, N.J., pro se.

Mark P. Stalford, Asst. Prosecutor, Director Appellate Section, Office of County Prosecutor, Monmouth County, Freehold, N.J., for respondents.

## ON PETITION FOR WRIT OF HABEAS CORPUS

ANNE E. THOMPSON, District Judge.

This matter comes before the court on appeal by petitioner Walter Karas, pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury of complicity in the murder of his wife, felony murder, first degree robbery, and attempt and conspiracy to commit murder, felony murder and robbery. All counts were merged into a purposeful or knowing murder conviction and petitioner received a sentence of seventy years with thirty-five years of parole ineligibility on December 16, 1983.

In petitioner's appeal to the Superior Court of New Jersey, Appellate Division, he alleged that the admission of certain taped evidence was highly prejudicial and denied him the right to a fair trial. Petitioner also alleged that pretrial publicity denied him the right to a fair trial, and that the jury selection process violated N.J.S.A. 2A:74–1 and the right to a fair trial. The Appellate Division affirmed the conviction on November 10, 1986, and noted that petitioner's claims were without merit. The Appeals Court found that the parole ineligibility term violated N.J.S.A. 2C:11–3 b, therefore the court corrected the term to the twenty-five year maximum term allowed under the statute. The New Jersey Supreme Court denied the petition for certification on January 28, 1987. Petitioner filed a petition for a writ of habeas corpus with this court on March 24, 1987.

■ The State contends that petitioner must apply for post-conviction relief to exhaust his remedies pursuant to 28 U.S.C. § 2254(d). The Third Circuit has held that exhaustion has been met either where a constitutional issue has been presented to the highest state court on direct appeal, or where the means to present the claims no longer exists. Post-conviction procedures are not necessary for exhaustion in these cases. *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762 (3d Cir.1978); *United States ex rel. Schultz v. Brierly*, 449 F.2d 1286 (3d Cir.1971).

■ The State concedes that petitioner asserts the same claims that he raised in the state courts, however the State contends that the claims are based upon state law, thus they do not present a federal claim. A federal claim must have been presented to the state courts in a substantially equivalent form. *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The Third Circuit has held that broad constitutional assertions of the denial of a fair trial fulfill the exhaustion requirement. *Bisaccia v. Attorney General of N.J.*, 623 F.2d 307, 312 (3d Cir.), *cert. denied* 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980). The court finds that petitioner has consistently alleged the denial of a fair trial which is sufficient for exhaustion under *Bisaccia*.

■ Petitioner first asserts that he was denied a fair trial by the use of an expert witness to impeach petitioner's videotaped hypnotic testimony, in violation of *State v. Hurd*, 86 N.J. 525, 432 A.2d 86 (1981). Petitioner also asserts that *Hurd* mandates a hearing to determine the reliability of hypnotic evidence regardless of a defendant's failure to request a hearing. State court evidentiary errors do not warrant federal habeas corpus relief unless the error deprives the defendant of fundamental fairness at trial. *Bisaccia, supra* at 312; *Hickey, supra* at 766. Therefore, the court must determine if an error occurred and whether it was so fundamentally unfair as to violate due process.

*Hurd* sets out various procedural safeguards which a party must comply with before the hypnotic testimony may be introduced at trial. 86 N.J. at 545, 432 A.2d 86. These safeguards involve the hypnotic session itself. *Id.* *Hurd* does not mandate that a court require a hearing *sua sponte* where the party has shown that the hypnotic session complied with the requisite procedures. *Id.* at 546, 432 A.2d 86. Petitioner does not assert that the correct procedures for the hypnotic session were not followed.

■ Petitioner also alleges that the use of an expert witness to establish the unreli-

ability of hypnosis contravenes *Hurd*. An expert witness may not be utilized by an opponent to prove the general unreliability of hypnosis, but only to challenge the reliability of the procedures employed. *Id.* at 543, 432 A.2d 86. The Appellate Division found that the state's failure to comply with *Hurd* was induced by petitioner's failure to object and was harmless error. Petitioner had ample time to review the proposed testimony of the expert witness and request a hearing or object, which he failed to do. For example, a hearing was held at the trial to determine the admissibility of the videotapes and taped conversations. In addition, there was sufficient evidence of petitioner's guilt to warrant the verdict notwithstanding the expert testimony. Therefore, the court finds that the absence of a hearing and the testimony of the expert witness were not so fundamentally unfair as to violate due process.

■ Petitioner next contends that the denial of his request to change venue or conduct an expanded voir dire, in light of the pretrial publicity, denied him the right to a fair trial.

Every defendant has a constitutional right to a trial by a fair and impartial jury. *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961). A juror is impartial if she is able to set aside any opinion she may have and render a verdict based upon the evidence at trial. *Id.* at 723, 81 S.Ct. at 1643. During the voir dire, the trial judge individually questioned the prospective jurors regarding their opinions and dismissed those who might have been biased because of the publicity. Petitioner has not established that the jurors that were selected were unable to set aside any opinions they might have or otherwise were biased.

In a habeas proceeding, a state conviction will be overturned only where the petitioner demonstrates that the extensive publicity caused actual prejudice which rendered a fair trial impossible. *Martin v. Warden, Huntingdon State Corr. Institute*, 653 F.2d 799, 805 (3d Cir.1981). Petitioner has offered no evidence to support the contention that the pretrial publicity caused actual prejudice. All of the jurors selected stated that they were able to form a judgment based solely upon the evidence before them. The trial court specifically questioned the jurors regarding the publicity and found that the selected jury was impartial. Furthermore, petitioner expressed his satisfaction with the jury as selected. A trial court's finding of impartiality should be set aside only when prejudice is "manifest." 366 U.S. at 723. Petitioner has not established the necessity for an expanded voir dire or a change of venue. Nor has he demonstrated the likelihood of prejudice.

■ Petitioner asserts that the court improperly admitted evidence of prior crimes which denied him a fair trial. As noted above, state evidentiary errors will give rise to federal habeas corpus relief only where the petitioner has been deprived of fundamental fairness at trial. *Bisaccia, supra* at 307; *Hickey, supra* at 762. The recordings in question contained conversations between petitioner and his girlfriend who had confessed to the murder. The conversations revealed that petitioner was being blackmailed by his wife for the prior crimes, and that he was having difficulties obtaining a divorce to marry his girlfriend. The trial court admitted the evidence pursuant to New Jersey *Evid R.* 55 to prove petitioner's motive for conspiring to murder his wife. The Appellate Division affirmed the admission of the testimony. Evidence of prior crimes may be used to show motive or intent. *United States v. Chrzanowski*, 502 F.2d 573, 575 (3d Cir.1974). Petitioner contends that despite the relevance of the evidence, it was more prejudicial than probative and should have been excluded. A trial judge has substantial discretion to balance the probative value of the evidence of prior crimes against its prejudicial effect. *United States v. Long*, 574 F.2d 761, 767 (3d Cir.1978). The evidence must be barred only if its probative value is substantially outweighed by prejudice. *Id.* The decision of a trial judge will be upheld unless the judge acted arbitrarily or irrationally. *Id.* The court finds that the tapes contained evidence of blackmail which was relevant to prove petitioner's

motive for the murder of his wife; therefore, the decision to admit this evidence was not arbitrary or irrational.

 Finally, petitioner contends that the trial court violated N.J.S.A. 2A:74–1 since the names of the jurors were not selected one by one from the box. The Appellate Division found that this claim was without a factual basis, and that the correct procedure had been followed. The court has not received a complete trial record to evaluate this claim. However, federal courts must give deference to factual determinations of state courts pursuant to 28 U.S.C. § 2254(d). *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1980). In the present case, the New Jersey Court of Appeals found that the jury had been selected by the correct process. Petitioner offers no evidence to refute this finding, thus he has failed to overcome the statutory presumption of § 2254(d).

The court finds that petitioner has failed to establish grounds to warrant federal habeas corpus relief. Therefore, the petition for habeas corpus relief will be denied without an evidentiary hearing, *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), or the issuance of a certificate of probable cause.