**UNITED STATES of America ex rel. Charles George HERWEGH— E 6043**

v.

**The COMMONWEALTH OF PENN-SYLVANIA.**

**Misc. No. M–4171.**

United States District Court, E. D. Pennsylvania.

Nov. 7, 1968.

On Petition for Reconsideration Nov. 25, 1968.

WEINER, District Judge.

■ Relator's petition under the Pennsylvania Post Conviction Act was dismissed without a hearing on August 16, 1968. No appeal was taken from that decision. Relator has therefore failed to exhaust his state court remedies as required by 28 U.S.C. § 2254.

## ORDER

Upon consideration of relator's Petitions for Writ of Habeas Corpus, Writ of Mandamus and For Leave to File and Proceed in Forma Pauperis, they will be DENIED without prejudice for failure to exhaust state court remedies as required by 28 U.S.C. § 2254.

It is so ordered.

On Petition for Reconsideration.

On November 7, 1968, this Court denied relator's petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies as required by 28 U.S.C. § 2254. On August 16, 1968, relator's petition under the Pennsylvania Post-Conviction Relief Act was dismissed without a hearing. Relator never appealed this decision, however, he argues that he cannot exhaust state court remedies because the thirty day period in which to appeal the order has expired. 19 Pa.Stat.Ann. § 1180-11 (Supp.1967). Relator states as the reason for not perfecting the appropriate appeal the fact that he was not informed of the order dismissing his petition until October 7, 1968, almost a month after the thirty day period.

■■ If in fact relator was not informed of the decision in the Common Pleas Court until after the appeal period, it would seem that he would be allowed to appeal nunc pro tunc. The allowance of an appeal nunc pro tunc is addressed to the sound discretion of the court below and will usually be granted where a party has suffered injustice by the operation of the court. Southwest Philadelphia Plumbing Supply v. Catanzaro, 181 Pa.Super. 209, 124 A.2d 476 (1956); Perin v. Gochnauer, 173 Pa.Super. 609, 98 A.2d 755 (1953). It is suggested that relator petition the Chester County Common Pleas Court for leave to file an appeal nunc pro tunc. Once relator has exhausted his state court remedies he may still apply for federal relief if he so desires.

■ "It must be borne * * * in mind that the exhaustion doctrine is designed, not to frustrate relief in Federal courts, but rather to give the State courts the first opportunity to correct any errors which may have crept into the State criminal process". United States ex rel. Shelton v. Rundle, 278 F.Supp. 819 (E.D.Pa. filed January 24, 1968).

## ORDER

Relator's petition for reconsideration of his writ of habeas corpus is denied.

It is so ordered.