**UNITED STATES of America ex rel. Joseph BOWEN**

v.

**Joseph MAZURKIEWICZ, Superintendent.**

**Misc. No. 69–354.**

United States District Court, E. D. Pennsylvania.

Feb. 9, 1970.

---

2. This decision precludes any consideration of the jurisdictional question under 28 U.S.C. § 2282.

Relator was convicted, following a guilty plea, under Bills of Indictment Nos. 687–692, November Term, 1945, in the Court of Quarter Sessions, Philadelphia County. A life sentence was imposed on January 15, 1946, and relator is presently serving that sentence. Relator took no direct appeal from the trial court's judgment and sentence, assertedly because he was not advised by the court or his counsel of such right, and because he was abandoned after trial by his counsel.

Relator attacked his conviction by filing a petition under the Pennsylvania Post Conviction Hearing Act (hereafter "PCHA") in the Philadelphia Court of Quarter Sessions on September 5, 1968. Briefs supplementing this petition were filed on November 14, 1968, and on December 13, 1968. An amended petition was filed on February 20, 1969. On February 24, 1969, counsel was appointed to represent relator on his petition. The court, on July 30, 1969, denied the petition. The state record reflects that no appeal was taken from this decision.

On July 18, 1969, relator filed the habeas corpus petition now before us.[1] In this petition he alleges (1) that his conviction is unconstitutional because it was based on a plea of guilty unlawfully induced, and (2) that his detention is unconstitutional because inordinate delay in the processing of his PCHA petition has deprived him of due process of law. We decline to assume jurisdiction to reach the merits of these claims, however, since relator has failed to exhaust his state remedies. 28 U.S.C.A. § 2254(b).

Relator alleges that inordinate delay in the PCHA process makes any available state corrective processes "ineffective," 28 U.S.C.A. § 2254(b), and thus, he argues, the federal court should assume jurisdiction. However, since the trial court acted with reasonable speed and, at all events, has decided

Joseph Bowen, pro se, relator.

Alen Specter, Dist. Atty., Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

### MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

---

1. Although we ordered the state record immediately, we did not receive it until December 16, 1969.

**4**

relator's case, and since thereafter relator's case was not pending in the state system because of his own failure to appeal, the contention that there has been inordinate delay is patently frivolous.

■ We must, however, face the question of whether, under state law, relator has "finally litigated" his claim in the state system and thus has exhausted his state remedies. 19 Pa.Stat.Ann. § 1180–4 provides in pertinent part:

"(a) For the purpose of this act, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling; * * *."

It is apparent that under Pennsylvania law if relator's failure to appeal the denial of his PCHA petition was not knowing and understanding, his claims have not been finally litigated. We decide that this issue should be determined by the state courts.[2]

In the first place, such a determination involves the application of a state standard contained in a state statute. 19 Pa. Stat.Ann. § 1180–4 is a "rule of procedural finality," Commonwealth v. Satchell, 430 Pa. 443, 446, 243 A.2d 381 (1968), aimed at the state's interest in the finality of litigation. It is peculiarly appropriate that the Pennsylvania courts, and not the federal courts, interpret the state's procedural standards.

■ Secondly, were we to decide, after a hearing, that relator had not knowingly and understandingly failed to appeal the denial of his post-conviction petition, we would be obliged to remit relator to the state courts to exhaust his state remedies. However, this would pose the potential of an unseemly conflict, for a state court would be perfectly free to disagree with our interpretation of a state standard. For the foregoing reasons, the writ will be denied.

It is so ordered.

There is probable cause for appeal.

---

2. Compare U. S. ex rel. Montgomery v. Brierley, 414 F.2d 552 (C.A. 3, 1969), in which the Third Circuit directed the District Court to decide this state law issue. However, absent here are the special circumstances of *Montgomery*, *viz.*, the

fact that the relator had been in the throes of the PCHA process for an extended period of time, and the fact that at least some claims were clearly exhausted and were properly before the District Court.