**UNITED STATES of America ex rel. Joseph BOWEN**

v.

**Joseph MAZURKIEWICZ, Superintendent.**

**Misc. No. 69–354.**

United States District Court,
E. D. Pennsylvania.

June 9, 1970.

Joseph Bowen, pro se.

Arlen Specter, Dist. Atty., Joseph J. Musto, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator was convicted, following a guilty plea, under Bills of Indictment Nos. 687–692 (November Term, 1945) in the Court of Quarter Sessions, Philadelphia County. He attacked this conviction by filing a petition under the Pennsylvania Post Conviction Hearing Act, 19 Pa.Stat.Ann. § 1180–1 et seq. (hereinafter "PCHA") in the Philadelphia County Court of Quarter Sessions on September 5, 1968. The court, on July 30, 1969, denied the petition. A timely appeal from this decision was not taken.

On July 18, 1969, relator filed a habeas corpus petition in this court. On February 9, 1970, we declined to assume jurisdiction over that petition because relator had failed to exhaust his state court remedies. We recognized that if relator were then to appeal the denial of his PCHA petition such appeal might well be doomed by its untimeliness. 19 Pa.Stat.Ann. § 1180–11. However, as we read the state law, relator would be able to get a further hearing in the state system on the issues raised in his 1968 PCHA petition if (1) he filed a new petition under the PCHA raising those issues and (2) he proved that his failure to appeal the denial of his first petition was not "knowing and understanding." 19 Pa.Stat.Ann. §§ 1180–3, 1180–4. We concluded that generally it was most appropriate for a state court to inquire whether a failure to appeal was "knowing and understanding." We therefore decided not to assume jurisdiction over relator's case until he pressed his claims in the state system through the medium of a second PCHA petition.

On February 26, 1970, relator asked us to reconsider our decision. He directs our attention to the fact that he did file an appeal, but that the Deputy Prothonotary of the Supreme Court of Pennsylvania returned the petition for appeal to him because of its untimeliness. This fact does not lead us to alter our earlier decision. It appears that no state court has yet determined whether Bowen's failure to appeal was "knowing and understanding." Since there is an available avenue through which relator can receive a state court ruling on this issue, we feel that the relator should be obliged to take that route. Accordingly, the motion for reconsideration will be denied.

It is so ordered.