
Ronald Brookes **TIPPETT**, Petitioner,

v.

**L. S. NELSON**, Warden, San Quentin
State Prison, Respondent.

No. 70-662.

United States District Court,
C. D. California.

Sept. 3, 1971.

Ronald Brookes Tippett, in pro. per.

Thomas C. Lynch, Atty. Gen., William E. James, Asst. Atty. Gen., Jack K. Weber, Deputy Atty. Gen., for defendant.

## ORDER DENYING PETITION FOR HABEAS CORPUS

HAUK, District Judge.

Petitioner, a California State Prisoner is presently incarcerated in San Quentin State Prison, Tamal, California. Here he now seeks to attack a sentence of six months to life imposed on him June 22, 1967, in Los Angeles Superior Court following his plea of guilty to violating Penal Code § 211 (Robbery, 2nd Degree).

Petitioner did not appeal this conviction and alleges that he was neither aware nor informed of his right to appeal. Petitioner charges that he sought post-conviction relief by filing a Petition for Writ of Habeas Corpus in Los Angeles Superior Court which was denied June 29, 1967. He also filed a "Motion for a Vacate of Judgment" in the same Court which was denied September 19, 1967. Petitioner subsequently filed an untimely Notice of Appeal which was marked by the Clerk of the State Court of Appeal "received Oct. 4, 1967 but not filed" pending the further filing of a petition for relief from late filing under Rule 31(a) of the California Rules of Court. But petitioner failed to apply for this relief. Petitioner states that he had also sought a Writ of Habeas Corpus from the California Supreme Court which was denied September 5, 1968, and a Writ of Certiorari from the United States Supreme Court which was denied March 10, 1969, 394 U.S. 909, 89 S. Ct. 1022, 22 L.Ed.2d 221. Petitioner filed the instant petition on December 23, 1969, in the Northern District of California whence it was transferred to the Central District.

Petitioner contends: (1) that his extradition from Florida to California was improper; (2) that his counsel was incompetent; and (3) that his guilty plea was a product of coercion.

After reviewing the Petition, the Response, the Traverse to Response, the Supplemental Traverse to the Response, the Reporter's Transcript of the proceedings in the Superior Court, and the points and authorities and exhibits submitted by both parties to this cause, this Court is fully advised in the premises and thus orders that the Petition for Writ of Habeas Corpus be denied for the following reasons:

■ Petitioner has not exhausted his State remedies, a condition precedent to consideration of Federal Petitions for Habeas Corpus. Fay v. Noia, 372 U.S. 391, 415–422, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Lindsey v. Craven, 427 F. 2d 153, 154 (9th Cir. 1970); Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir. 1969). Petitioner states that he did not appeal his conviction through the State courts because "he was unaware and not informed of his right to appeal" (Petition, p. 9). However, petitioner did attempt to appeal the State court's denial of his motion to vacate judgment, at which time he was informed that his Notice of Appeal was untimely filed and advised of the procedure available for him to seek relief under Rule 31(a) of the California Rules of Court authorizing relief for an excusable failure to file a timely notice of appeal. Until petitioner invokes Rule 31(a), it cannot be determined with any degree of certainty that petitioner may not still obtain State appellate review. Under such circumstances the present petition must be dismissed unless petitioner has in some other manner exhausted available State remedies. Lembke v. Field, 380 F.2d 383 (9th Cir. 1967).

Prior to his Federal Petition for Habeas Corpus, petitioner sought State remedies by a Writ of Habeas Corpus and a Motion to Vacate Judgment in the Superior Court, a Writ of Habeas Corpus in the California Supreme Court and a Petition for Certiorari from the U.S. Supreme Court.

■ Under California post conviction procedure, habeas corpus cannot serve as a substitute for appeal. In re Shipp, 62 Cal.2d 547, 43 Cal.Rptr. 3, 399 P.2d 571 (1965); In re Jackson, 61 Cal.2d 500, 39 Cal.Rptr. 220, 393 P.2d 420 (1964). Since petitioner failed to appeal his State commitment, it is manifest that petitioner's resort to State habeas corpus was patently inappropriate. In fact, petitioner's failure to seek relief pursuant to Rule 31(a) from his failure to file timely notice of appeal seems sufficient to preclude the availability of State habeas corpus. In re Fields, 62 Cal.2d 900, 42 Cal.Rptr. 836, 399 P.2d 372 (1965); In re Brown, 62 Cal.2d 902, 42 Cal.Rptr. 838, 399 P.2d 374 (1965).

Therefore, it is hereby ordered that the Petition for Writ of Habeas Corpus be, and the same is, denied.