**UNITED STATES of America ex rel. Eugene WALKER**

**v.**

**PHILADELPHIA COUNTY CRIMINAL COURTS.**

**Civ. A. No. 71–2238.**

United States District Court, E. D. Pennsylvania.

Nov. 12, 1971.

Carolyn E. Temin, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

This is a petition for writ of habeas corpus. On August 22, 1969, relator entered a plea of guilty before the Honorable Herbert S. Levin of the Court of Common Pleas of Philadelphia County on the charge of aggravated robbery as laid in Bill of Indictment No. 113 of January Sessions, 1969. On October 24, 1969, Judge Levin sentenced relator to a term of two to eight years. No direct appeal was taken from the trial court's judgment and sentence. Relator then filed a petition under the Post Conviction Hearing Act contending that:

1. His guilty plea was invalid.

2. He was deprived of his constitutional rights to representation by competent counsel.

3. There was no corpus delecti established.

A hearing on relator's Post Conviction Hearing Act petition was held on January 4, 1971 before the Honorable Ethan Allen Doty. Relator was represented by counsel. The relator in the instant petition essentially re-alleges the arguments raised at his Post Conviction hearing before Judge Doty. In an Opinion dated April 27, 1971, Judge Doty found that there was no basis for the charges brought by relator and dismissed the petition. Relator failed to take an appeal from the adverse decision of Judge Doty to which he had an absolute right. Act of January 25, 1966 (1965) P.L. 1580, Section 11, 19 P.S. § 1180–11.

Pursuant to this Court's Order of September 22, 1971, the District Attorney of Philadelphia County filed an answer to the above captioned petition for writ of habeas corpus. Thereafter, the relator submitted additional memorandum indicating that he attempted to take and appeal *nunc pro tunc* from the adverse decision of Judge Doty. On October 22, 1971, the District Attorney was requested to submit an amended answer. Paragraph 1 of the Amended Answer states:

"In para. 3 of the original Answer filed in this case, the Commonwealth averred that relator had failed to exhaust his state remedies because he had not taken an appeal from the decision of Judge Doty denying his request for relief under the Pennsylvania Post Conviction Hearing Act, 19 P. S. Sec. 1180–1 et seq. In that petition relator alleged that although he was aware that an appeal from denial of post-conviction relief must be taken within thirty days, he was under the impression that an appeal was being taken by Robert A. Rovner, Esquire, who was his counsel at the post-conviction hearing before Judge Doty.

The petition for allowance of Appeal *nunc pro tunc* was denied *per curiam* on August 25, 1971."

In the light of these new facts, the Commonwealth still contends that relator has not exhausted his state remedies and, therefore, even under these additional facts, is not entitled to relief in this Court. The Commonwealth contends that the proper procedure to be followed in claiming the right to a *nunc pro tunc* appeal is by filing a petition under the Post Conviction Hearing Act. See 19 P.S. Sec. 1180–3. The Court can then hold a hearing to determine the validity of the allegations of relator's petition. The Commonwealth concedes that if the allegations in relator's petition regarding his reliance on his attorney's promise to file an appeal are true, relator is entitled to appeal *nunc pro tunc* to the Superior Court of Pennsylvania from Judge Doty's Order of April 27, 1971.

19 Pa.Stat.Ann. § 1180–4 provides in pertinent part:

"(a) For the purpose of this act, an issue is finally litigated if:

(1) It has been raised in the trial court, the trial court has ruled on the merits of the issue, and the petitioner has knowingly and understandingly failed to appeal the trial court's ruling; . . .."

It is apparent that under Pennsylvania law if relator's failure to appeal the denial of his PCHA petition was not knowing and understanding, his claims have not been finally litigated. This issue should be determined by the state courts. United States ex rel. Bowen v. Mazurkiewicz, 309 F.Supp. 2 (E.D.Pa. 1970). United States ex rel. Herwegh v. Commonwealth of Pennsylvania, 311 F. Supp. 403 (E.D.Pa.1968), aff'd 423 F.2d 1203 (3rd Cir. 1969).

The fact that the Superior Court of Pennsylvania denied the Petition for Allowance of Appeal *Nunc Pro Tunc* on August 25, 1971 does not aid relator. It appears that no state court has yet determined whether Walker's failure to ap-

peal was "knowing and understanding". Since there is an available avenue through which relator can receive a state court ruling on this issue, we feel that the relator should be obliged to take that route.