Kevin Eugene BROWN

v.

Ernest S. PATTON and the Attorney General of the State of Pennsylvania.

Civ. A. No. 81–0168.

United States District Court, E. D. Pennsylvania.

Oct. 28, 1981.

Kevin Eugene Brown, pro se.

Michele A. Goldfarb, Jane Greenspan, Asst. Dist. Attys., Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Before the court are the Commonwealth's exceptions to the Report and Recommendation of the United States Magistrate regarding Kevin Eugene Brown's petition for *habeas corpus*. In his Report, the United States Magistrate found that petitioner had failed to exhaust his state avenues of relief, direct or collateral, and refused to consider the petition on the merits. Respondent agrees that this conclusion is legally correct. However, the United States Magistrate also recommended that petitioner be given an evidentiary hearing under the Pennsylvania Post-Conviction Hearing Act ("PCHA") within ninety (90) days and in default thereof, that the case be returned to this court to address the merits. Respondent objects that, given the exigencies of the state PCHA review system, the foregoing recommendation proposes unnecessarily restrictive time limitations.

ment of Agriculture that Pennsylvania's notice complies with the Constitution.

As an alternative to the Magistrate's recommendation, respondent requests that this court fashion an order allowing petitioner a reasonable amount of time in which to resolve his PCHA claim after he has filed for relief and after counsel has been appointed and, if petitioner thereafter contends that state process is ineffective to vindicate his rights, granting him leave to seek further relief from this court. In this manner, it is urged that the Pennsylvania state courts will have a full and fair opportunity to address petitioner's complaints *ab initio* and correct any mistakes which may have occurred at this trial.

Petitioner, asserting numerous state court trial errors, alleged that the appeal of his conviction to the Pennsylvania Superior Court was *nol prossed* because he had inadequate legal representation. State law provides the opportunity to petition for a direct appeal *nunc pro tunc* in such a situation. *See, Commonwealth v. Dixon*, 475 Pa. 365, 380 A.2d 765 (1977); *Commonwealth v. Faison*, 437 Pa. 432, 264 A.2d 394 (1970). Federal relief is available only after a "thorough exercise of direct appellate remedies." *United States ex rel. Schultz v. Brierley*, 449 F.2d 1286, 1287 (3d Cir. 1971); *see, United States ex rel. Hickey v. Jeffes*, 571 F.2d 762 (3d Cir. 1978). Therefore, the Magistrate is correct that this petition must be denied; petitioner has failed to exhaust his state remedies regarding the claims he now presents. 28 U.S.C. § 2254(b), (c). *But see, Choice v. Pennsylvania Board of Parole*, 448 F.Supp. 294 (M.D.Pa.1977).

However, the Magistrate's proposed ninety-day time limit for a hearing by a state court in this matter is inappropriate because petitioner has not yet initiated any action in state court. After petitioner seeks to exhaust his state remedies, he will not be denied federal relief if he is unable to do so by reason of inordinate state court delay. *Codispoti v. Howard*, 589 F.2d 135 (3d Cir. 1978).

The Magistrate's Report and Recommendation will be adopted with modification; the ninety-day limit is removed and petitioner is allowed a reasonable time to file a PCHA petition for the right to appeal *nunc pro tunc*. This determination is without prejudice to the filing of a petition if the right to direct appeal *nunc pro tunc* is denied or not acted upon for an unreasonable time.