Leon McCLENDON a/k/a Leon Lee

v.

**Glen JEFFES, Superintendent.**

Civ. A. No. 82–5386.

United States District Court, E.D. Pennsylvania.

Nov. 29, 1983.

Leon McClendon, pro se.

Edward G. Rendell, Dist. Atty., Steven J. Cooperstein, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

United States Magistrate Peter B. Scuderi has filed a report with a recommendation that Leon McClendon's petition for habeas corpus be denied. The petitioner was convicted in state court of robbery and simple assault, and is currently serving a sentence of ten to twenty years. Although the respondent contended that the defendant had failed to exhaust his state court remedies, Magistrate Scuderi determined that the petitioner had exhausted his state remedies, and further determined that the petitioner had not been denied his Sixth Amendment rights to a speedy trial and effective assistance of counsel as alleged in the petition. The petitioner has objected to the Magistrate's report and recommendation. This Court agrees with Magistrate Scuderi that the petitioner's constitutional claims are without merit, and will approve and adopt his report and recommendation denying the writ.

With respect to the respondent's contention that the petitioner failed to exhaust his state court remedies, an elaboration on the discussion in the Magistrate's report appears warranted. The record shows that petitioner was arrested on May 26, 1978 on charges of robbery, theft, aggravated and simple assault, possession of the instruments of crime, and recklessly endangering another person. His case was originally listed for trial on November 9, 1978. Under Pa.R.Crim.P. 1100, the original expiration date of the period for the commencement of petitioner's trial was November 22, 1978.

Rule 1100 of the Pennsylvania Rules of Criminal Procedure provides in relevant part that:

(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall com-

mence no later than one hundred eighty (180) days from the date on which the complaint is filed.

.    .    .    .    .

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

On November 9, 1978, petitioner's newly appointed public defender made it clear that he was not prepared to go to trial and requested an extension of time to investigate a possible alibi defense. The Commonwealth then submitted an oral application for an extension of the Rule 1100 date. After some discussion, the Court extended the expiration date to January 27, 1979. *See* Transcript of Rule 1100 Petition. On November 30, 1978, petitioner submitted a *pro se* petition for dismissal of charges under Rule 1100, alleging that he had been deprived of his right to a speedy trial. Petitioner's motion was denied and he was brought to trial on January 4, 1979. A jury found him guilty of robbery and simple assault, and acquitted him of the other charges.

On May 30, 1979, the trial court denied the petitioner's post-trial motions, which included supplemental motions alleging ineffective assistance of counsel and Rule 1100 violations. In a decision dated November 13, 1981, the Pennsylvania Superior Court found no Rule 1100 violation or ineffective assistance of counsel, and affirmed the trial court's judgment of sentence.

The petitioner then filed a *pro se* petition for allocatur *nunc pro tunc* in the Pennsylvania Supreme Court on March 2, 1982. He alleged that he had not been informed of the Superior Court's decision until December 18, 1981, and thus had been unable to file his petition for allocatur within the requisite thirty days. *See* Pa.R.A.P. 1113(a). His petition to the Pennsylvania Supreme Court alleged that his speedy trial rights under Rule 1100 and the United States Constitution had been violated, and that he had been denied effective assistance of counsel. The Pennsylvania Supreme Court remanded the matter to the Court of Common Pleas for a determination of indigency and appointment of counsel. On March 31, 1982, the Court of Common Pleas appointed counsel and authorized the petitioner to pursue his appeal *in forma pauperis.* Counsel was allowed to file an amended petition for allocatur *nunc pro tunc* on June 1, 1982. This amended petition likewise raised petitioner's speedy trial and ineffective assistance of counsel claims. On September 9, 1982, the Pennsylvania Supreme Court denied both the *pro se* and amended petitions in *per curiam* orders without opinion.

The respondent contends as a threshold matter that the petitioner's "untimely petition for allowance of appeal, *see* Pa.R.A.P. 1113(a), did not serve fairly to present the Rule 1100 issues to the Pennsylvania Supreme Court, and thus did not exhaust state remedies." Respondent's Answer to Petition For Writ of Habeas Corpus at 2. Respondent relies upon *United States ex rel. Lopinson v. Marks,* 409 F.Supp. 683 (E.D.Pa.1976), *aff'd* 547 F.2d 1166 (3d Cir. 1977). In *Marks,* the district court indicated that the particular claim presented in the habeas corpus petition "quite clearly" was not raised in the petitioner's first appeal to the Pennsylvania Supreme Court or in his petition for reargument. 409 F.Supp. at 686. The *Marks* court determined that

even assuming that the claim at issue had been raised in a subsequent supplemental petition, which the court doubted, it was clear that the Pennsylvania Supreme Court was never faced with the merits of the supplemental petition when it "quashed" that petition. As the court stated,

An examination of the papers before the Supreme Court makes clear that the appeal was quashed on procedural grounds, not on the merits. This is not sufficient to satisfy the exhaustion requirement.

*Id.* at 686–687.

Although the respondent does not further develop its argument, the critical question is whether or not the petitioner's untimely filing of a petition for allocatur under the circumstances of this case constitutes a "procedural default" which deprived the highest state court of an opportunity to consider his constitutional claims. If so, the petitioner would have to demonstrate that such default was not a "deliberate by-pass" of the state court. *See Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Wainwright v. Sykes,* 433 U.S. 72, 91–94, 97 S.Ct. 2497, 2508–2510, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring); *Beatty v. Patton,* 700 F.2d 110, 113 (3d Cir.1983).

The presentation of the petitioner's claims to the Superior Court and to the Pennsylvania Supreme Court in a petition for allocatur satisfies the exhaustion requirement:

A denial of allocatur, as here, or a similar refusal to entertain an appeal constitutes a sufficient presentation for the purposes of exhaustion.

*United States ex rel. Geisler v. Walters,* 510 F.2d 887, 892 n. 11 (3d Cir.1975); *see also United States ex rel. Hickey v. Jeffes,* 571 F.2d 762, 764 (3d Cir.1978). In this case, however, the petition for allocatur clearly was not filed within the thirty day period required by the Pennsylvania procedural rule. The original petition and the amended petition eventually were denied without opinion in identical *per curiam* orders. Respondent apparently contends

that the petition for allocatur was or may have been denied on the basis of a procedural default (i.e., the untimely filing of the original *pro se* petition).

Exactly what constitutes a state procedural default has been the subject of some controversy. *See, e.g., County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). Where it is unclear whether the state courts have relied upon a procedural default, the Supreme Court has searched the record for state court reliance upon procedural defects. *Id.,* 442 U.S. at 148–154, 99 S.Ct. at 2220–2223. Recently the Third Circuit has held that state court reliance on a procedural rule as an alternate holding suffices to implicate the procedural default doctrine. *United States ex rel. Caruso v. Zelinsky,* 689 F.2d 435, 440 (3d Cir.1982).

■ Under the circumstances of this case the Court can find no procedural defect constituting a "default" such that "[i]t may be fairly said that the state courts have had no opportunity to pass on the claim." *Humphrey v. Cady,* 405 U.S. 504, 517 n. 18, 92 S.Ct. 1048, 1056 n. 18, 31 L.Ed.2d 394 (1972). After the original *pro se* petition for allocatur was filed *nunc pro tunc,* the matter was remanded for a determination of indigency and appointment of counsel, and counsel was permitted to file an amended petition for allocatur *nunc pro tunc* with an accompanying brief addressing the merits of petitioner's claims. There is no indication whatsoever from the subsequent *per curiam* denial of the petition that such denial was based upon the *pro se* petitioner's earlier untimely filing. It would be incongruous to assume that the state supreme court would remand the matter for a determination of indigency and appointment of counsel, permit counsel to file an amended petition addressing the merits of the claims, and then deny the petition because the *pro se* petitioner, allegedly through no fault of his own, had filed the original petition several months after the procedural deadline had passed.

In *United States ex rel. Lopinson v. Marks, supra,* cited by the respondent, the court stated:

It is clear that the supreme court was never faced with the merits of the [claims] when it quashed the appeal. An examination of the papers before the supreme court makes clear that the appeal was quashed on procedural grounds, not on the merits.

*Id.* at 686–687.

In this case there are no such indications that the ruling was procedurally-based or that the merits of the claim were not fairly presented to the Pennsylvania Supreme Court. In fact, all such indications are to the contrary. The court in *United States ex rel. Caruso v. Zelinsky, supra,* was not faced with this problem because the state court, in a written opinion, clearly based its decision on both substantive and procedural grounds. Under the circumstances of this case the Court finds that no procedural default has occurred and concludes that the petitioner has exhausted his state court remedies.

■ Turning to the substance of the petitioner's claims, the Court has determined, for the reasons stated in the Magistrate's report, that the alleged violations of the petitioner's Sixth Amendment rights to a speedy trial and to effective assistance of counsel are without merit, and accordingly the petition for a writ of habeas corpus will be denied. An order follows.