## Serafin v. Motorists Insurance Co.

*Frederick B. Gieg, Jr.,* for plaintiff.

*M. David Halpern, Gregory S. Olsavick,* for defendant.

BRUMBAUGH, *J.,* February 28, 1985—In this assumpsit action plaintiff insured seeks damages from defendant insurer for allegedly covered property, in the nature of building contents, destroyed in a March 17, 1978 fire. Suit was instituted by a writ of summons filed on March 14, 1980, nearly two years following the claimed loss. Shortly after the complaint was finally filed on January 9, 1984 defendant answered the same, raising inter alia under new matter an asserted bar to suit in the following limitation provision of the insurance contract between the parties:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss."

Plaintiff's reply to this new matter raises the twofold argument against enforceability that the insurance company (a) has alleged no prejudice as a result of the belated filing and (b) had failed to "fully explain" this clause to him prior to, at the time of or subsequent to issuance of the policy.

It is defendant's motion for judgment on the above pleadings, filed on January 23, 1985 and submitted to us on briefs of counsel with waiver of oral argument, which is now before us for disposition. We are well satisfied that failure to initiate the action within the one-year period is fatal to plaintiff's cause.

The delay in bringing suit was certainly not de minimus; to the contrary initial filing took nearly twice as long as the subject clause allows, and from this fact alone an inference of prejudice to the in-

surer could be raised, inasmuch as fire losses are among the more difficult to investigate and among the most susceptible to fraudulent claims. While generally an insurance carrier has an obligation to make compensation for good faith claims in return for the premiums paid by the insured, it has a corresponding obligation to its other policyholders — in the interest of minimizing the cost of insurance — not to pay bad faith or excessive claims, and such determinations mandate the investigatory procedure. The 12-month proviso "represents a legislative determination of a reasonable period within which suits must be brought, a careful balancing of the interests of both insurers and insureds". Schreiber v. Pa. Lumberman's Mutual Insurance Co., infra, 444 A.2d at 649. A stale claim adds to the burden of defending thereagainst. Recognizing that the foregoing observations are of themselves insufficient reason for granting the defense preliminary or pretrial motion, we nevertheless further note that this standard limitation clause is both legislatively approved and statutorily mandated, and issuance of a fire insurance policy without this precise language could subject the insurer to criminal prosecution and fine, monetary penalty, and/or suspension, revocation or refusal of renewal of its license. See Act of May 17, 1921, P.L. 682, §§ 506-507, added August 23, 1961, P.L. 1081, § 1, 40 P.S. §§ 636(2)-637.

Those cases cited by plaintiff in support of his position are readily distinguishable from the instant matter. AFC Produce, Inc. v. Chubb Pacific Indemnity Group et al., 451 F. Supp 1095 (1978) dealt with theft coverage and different types of insurance, specifically, marine and excess policies. Even had the factual setting involved fire coverage the decision lacks controlling authority because, absent is-

sues of constitutional dimension, federal district courts are not to override, but rather should apply existing, state law. "Certainly, a decision of a federal court construing state law is not binding on a state court": 10 P.L.E. courts § 83, pg. 106 (1970). See Rader et al. v. Pa. Turnpike Commission, 407 Pa. 609, 616-617, 182 A.2d 199, 203 (1962); United States ex rel. Bowen v. Mazurkiewicz, 309 F. Supp. 2 (E.D. Pa. 1970), rehearing denied 315 F. Supp. 789 (1970). The case principally relied upon in AFT was Brakeman v. Potomac Insurance Co., 472 Pa. 66, 371 A.2d 193 (1977), which was concerned only with a belated notice of accident under an automobile liability policy.

Judge Huyett was speculating and projecting as to a future possibility with regard to Pennsylvania law, however, by his observation in AFC that:

"The Brakeman court's conclusion does not necessarily end our inquiry since in that case the court was confronted with a notice provision whereas in our case the insurers seek to invoke "sworn proof of loss" and "limitation of suit" clauses. This inquiry need not detain us long since we believe that the Brakeman court's analysis may be applied to both of these clauses." The AFC holding, which would expand the Brakeman decision by barring an insurer from availing itself of the limitation of suit clause absent a showing of prejudice, nonetheless failed accurately to predict the view of subsequent appellate court decisions in this Commonwealth, which uniformly reject any requirement of such prejudice. See Schreiber v. Pa. Lumberman's Mutual Insurance Co., 498 Pa. 21, 444 A.2d 647 (1982); Petraglia v. American Motorists Insurance Co., 284 Pa. Super. 1, 424 A.2d.1360, (1981), aff'd. per curiam 444 A.2d 653, 498 Pa. 32 (1982).

The contention of plaintiff insured that the AFC case in any event should govern our determination in the instant matter because it represents the law existing at the time this cause of action arose, and the Schreiber and Petraglia are not to be accorded retroactive effect, is meritless. The AFC decision did not represent the then-Pennsylvania law, but was rather a singular opinion of a lone lower federal court jurist which neglected to recognize or cite any of the multitude of prior Pennsylvania appellate cases long establishing that noncompliance by an insured with a fire policy's suit limitation proviso was per se action-defeating. See, for example, Abolin v. Farmers American Mutual Fire Insurance Co. of Bucks County, 100 Pa. Super. 433, 435-436 (1931), wherein a mere 20 day belatedness brought about a compulsory nonsuit in the insurer's favor. To give AFC controlling weight would be to change the existing decisional law of this Commonwealth, which Schreiber and Petraglia only continued and confirmed.

There is no assertion that the insurer, by its conduct or that of an agent, waived the limitation clause, suspended or extended the twelve-month deadline or is estopped from raising it. Cf. Diamon v. Penn Mutual Fire Insurance Co., 247 Pa. Super. 534, 372 A.2d 1218, 1224-1225 (1977). By the reply averment that defendant insurer never pointed out this limitation proviso to him, however, plaintiff insured attempts to infer fault on the company's part which will excuse somehow his own remission. Although Schreiber states that an allegation "that any conduct of [the insurer], either active or passive, was in any way responsible for [the insured's] delay of over two years in commencing their action on the policy" may render a limitation clause unenforceable or suspended, this language was not

intended to impose upon the insurer an affirmative duty to see that the insured has read it. Such a Parthian assertion is not tantamount to a contention that plaintiff was deprived of an opportunity to peruse the policy, or that he failed to do so. Plaintiff assiduously avoids any allegation that he was unaware of the provision, and were there fraudulent statements or misrepresentations by the company we have no doubt that plaintiff's learned counsel would have specifically so declared, as is required by Pa. R.C.P. 1019(b); that he did not is sufficient proof that he could not.

Even if plaintiff is implying ignorance of this proviso by his 'lack of explanation' response he is impaled on the thrust of the basic legal principle that "the lack of knowledge or understanding of a clearly drafted . . . clause in a written contract of insurance executed by both parties does not render the clause unenforceable." Standard Venetian Blind Co. v. American Empire Insurance Co., 503 Pa. 300, 469 A.2d 563 564, (1983).

". . . where, as here, the policy limitation relied upon by the insurer to deny coverage is clearly worded and conspicuously displayed, the insured may not avoid the consequences of that limitation by proof that he failed to read the limitation or that he did not understand it." Id., A.2d at 567. This Standard decision directly and pointedly overruled Hionis v. Northern Mutual Insurance Co., 230 Pa. Super. 511, 327 A.2d 363 (1974), a departure-from-precedent holding of our intermediate appellate court requiring proof by an insurer, in order to invoke a limitation proviso, that the insured was aware of it and that it had been explained to him. Our Superior Court has clearly recognized the direct impact of Standard in setting aside Hionis; see Haegele v. Pa. General Insurance Co.,      Pa. Su-

per. ▮, 479 A.2d 1005, 1010-1011 (1984).

Based upon the foregoing we enter the following

## ORDER

And now, this February 28, 1985, the suit limitation provisions being valid and binding upon plaintiff, defendant-insurer's motion for judgment on the pleadings is hereby sustained and granted; accordingly the complaint in the above-captioned matter shall be and the same is dimissed and stricken with prejudice.