Gregory X. MOORE

v.

Thomas A. FULCOMER.

Civ. A. No. 84–5036.

United States District Court,
E.D. Pennsylvania.

May 10, 1985.

Gregory X. Moore, pro se.

Andrew R. Rogoff, Attorney-in-Charge, Special Litigation, Dist. Attorney's Office, Philadelphia, Pa., for respondent.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

In a Memorandum dated February 5, 1985, I determined that petitioner in this habeas corpus proceeding had exhausted all appropriate state remedies. Accordingly, I remanded the case to United States Magistrate William F. Hall, Jr. for consideration of the merits of the petition. Soon thereafter, the District Attorney of Philadelphia, one of the respondents herein, moved for reconsideration of my ruling on the question of exhaustion. Petitioner has not replied to that motion for reconsideration.

Petitioner was convicted in the Court of Common Pleas for Philadelphia County of robbery, rape, kidnapping, aggravated assault and criminal conspiracy. Petitioner, through counsel, then appealed to the Superior Court, which, on October 29, 1982, affirmed petitioner's conviction. Both of the issues raised in petitioner's current *pro se* application for habeas corpus were

raised in the trial court and were discussed in the opinion of the Superior Court.

Petitioner filed a *pro se* application for allocatur to the Pennsylvania Supreme Court long after the thirty days allowed for such an application had expired. *See* 42 Pa.Cons.Stat.Ann. § 5571. Petitioner's application to the Supreme Court noted that it was not timely filed but claimed that petitioner had not been advised by his counsel of the Superior Court decision and did not learn of it through other means until May 1983. The application for allocatur then discussed the legal issues which had been raised in the trial court and the Superior Court as well as a claim that petitioner's counsel had been ineffective in failing to inform petitioner of the Superior Court action or the time limitations for a proper appeal to the Supreme Court.

In 1984, the Supreme Court denied the application for allocatur "without prejudice to seek relief under the Post Conviction Hearing Act." There was no elaboration of the basis for the Supreme Court's decision. Petitioner has not sought relief on these claims through any other state procedure.

Respondent does not dispute that the issues raised in the current petition for habeas corpus were presented to and considered by the trial court and the Superior Court, and, further, that they were raised in the brief submitted by petitioner to the Pennsylvania Supreme Court. However, respondent does disagree with the conclusion embodied in my Memorandum of February 5, 1985, that the untimely presentation of these issues to the Pennsylvania Supreme Court exhausted petitioner's state remedies.

It is now settled that a habeas corpus petitioner need not pursue remedies which might be available under the Pennsylvania Post Conviction Hearing Act if he has raised the same issues on direct review of his conviction. *United States ex rel. Schultz v. Brierley*, 449 F.2d 1286 (3d Cir. 1971); *United States ex rel. Fletcher v. Maroney*, 413 F.2d 16 (3d Cir.1969). However, to exhaust state remedies on direct appeal, the petitioner must present the issues to the highest state court in which decision can be had. *E.g., Brown v. Allen*, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

That highest state court need not, however, have ruled on the merits of the claims for them to have been sufficiently presented for purposes of exhaustion. *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 (3d Cir.1975). Under the law in this circuit, a denial of allocatur by the Pennsylvania Supreme Court "constitutes a sufficient presentation for purposes of exhaustion." *United States ex rel. Turner v. Rundle*, 438 F.2d 839, 845 (3d Cir.1971).

Respondent notes, however, that state remedies are not exhausted if the denial of leave to appeal by the highest state court "could not be fairly taken as an adjudication of the merits of claims presented and where normal state channels for review were available." *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975). Respondent argues that petitioner's untimely application to the Pennsylvania Supreme Court meant that the denial of allocatur could not be taken as consideration of the merits of the petition, particularly when the Supreme Court denied allocatur "without prejudice to seek relief under the Post Conviction Hearing Act." Furthermore, respondent asserts that a further channel for direct review of petitioner's claims is available.

The mechanism for obtaining consideration of the merits of petitioner's untimely appeal which is suggested by respondent is an appeal *nunc pro tunc*. Although there is no statute or rule of court which allows such an untimely appeal in Pennsylvania, the appeal *nunc pro tunc* is occasionally allowed when the appellant establishes that the failure to file a timely appeal was the result of "fraud or its equivalent" or a "breakdown in the court's operation." *Commonwealth v. Englert*, 311 Pa.Super. 78, 457 A.2d 121, 124 (1983). In the present case, respondent argues that the statements in petitioner's untimely application for allocatur would not have been

enough to allow the Supreme Court to determine whether a *nunc pro tunc* appeal was appropriate. Therefore, in respondent's view, the Pennsylvania Supreme Court's order should be read as a direction to petitioner to take his claims that his counsel was ineffective in failing to protect petitioner's appellate remedies through the procedures established by the Post Conviction Hearing Act. If petitioner satisfies the courts considering his application for post conviction relief that his counsel was ineffective, respondent asserts, petitioner would be permitted to take a *nunc pro tunc* appeal to the Supreme Court. In support of this scenario, respondent points to the decisions in *Commonwealth v. Kersten*, 482 A.2d 600, 602 (Pa.Super.1984), and *Commonwealth v. Jefferson*, 430 Pa. 532, 243 A.2d 412 (1968), which were *nunc pro tunc* appeals taken after ineffective assistance of appellate counsel had been found through a Post Conviction Hearing Act adjudication of that question.

Respondent's position would thus require petitioner to adjudicate fully his allegations of ineffective assistance of counsel through the Post Conviction Hearing Act process despite the fact that those ineffective assistance claims are not part of the present habeas corpus petition. Petitioner's failure, according to respondent, is not that he has failed to exhaust his remedies on the question of ineffective assistance of counsel, but that exhaustion of those remedies is the only means by which petitioner can fully exhaust the necessary state remedies on the substantive issues presented in the habeas corpus petition.

As a preliminary matter, it is necessary to consider the validity of respondent's assumption that the Pennsylvania Supreme Court's order cannot be taken to reflect consideration of the merits of the application for allocatur. Due to the cryptic language used in that order, it is difficult to determine the court's intention. Although there is some difference of opinion among the federal courts as to the proper construction of a denial of appellate relief when no reasons are given by the court, it has been suggested by the Court of Appeals for the Ninth Circuit in *Thompson v. Procunier*, 539 F.2d 26, 28 (1976), that:

[W]here a petition for a writ of habeas corpus presenting a federal constitutional question is denied by a state court with no reason given, we will assume that the state court has had an opportunity to pass on the merits of the issue and has resolved it against the petitioner.

*See also McClendon v. Jeffes*, 578 F.Supp. 115, 119 (E.D.Pa.1983). *But see Piercy v. Parratt*, 579 F.2d 470, 472 (8th Cir.1978) (declining to adopt the general rule that denial of appeal by the state court without opinion constitutes a denial on the merits). Under this analysis, the cryptic order of the Pennsylvania Supreme Court on petitioner's application for allocatur would be viewed as a denial of the right to appeal on the merits and not merely as a procedural ruling. This result is not inconsistent with the explicit recognition on the face of petitioner's application to the Supreme Court that his petition for allocatur was untimely since it is possible for the Pennsylvania Supreme Court to consider the merits of an untimely application as an appeal *nunc pro tunc*.[1]

However, it is possible that, although the reasons for the denial of allocatur are not expressly stated, the order should be interpreted as a denial of relief on procedural grounds alone. Such a construction of the order focuses upon its recital that the denial of allocatur is "without prejudice to seek relief under the Post Conviction Hearing Act." This language can be read in two ways. First, it could be viewed, as respondent suggests, as a statement that petitioner should pursue his Post Conviction Hearing Act remedies on the issue of ineffective assistance of counsel and, if successful with respect to that issue, return to the

---

**1.** As noted earlier, a *nunc pro tunc* appeal has been allowed by the Pennsylvania courts when "fraud or its equivalent" or a "breakdown in the court's operation" caused the untimely appeal.

Therefore, it is possible that petitioner's application for allocatur could have been deemed an appeal *nunc pro tunc* on grounds other than ineffective assistance of counsel.

Pennsylvania Supreme Court to seek a *nunc pro tunc* direct appeal. Second, it may be interpreted as a statement that the Pennsylvania Supreme Court did not and will not consider the merits of the application on direct appeal but that the denial of allocatur should not bar consideration of the two challenges to petitioner's conviction presented in the application for allocatur under the Post Conviction Hearing Act.[2]

Under these interpretations of the quoted language, the Pennsylvania Supreme Court could not fairly be taken to have considered the merits of petitioner's direct appeal. Consequently, I must consider whether, under either of those two reasons for denial of allocatur, petitioner should be found to have fairly presented his claims to the state's highest court and, thus, to have exhausted his state remedies.

■■■ If the Pennsylvania Supreme Court did not consider the merits of petitioner's untimely appeal but did not intend its denial of allocatur to bar consideration of the issues raised therein under the Post Conviction Hearing Act, it is proper to conclude that petitioner's state remedies have been exhausted. As noted earlier, a habeas corpus petitioner is not generally required to pursue Post Conviction Hearing Act remedies once he has attempted to obtain review of these issues through a direct appeal to the Pennsylvania Supreme Court. This rule arises out of the policies underlying the exhaustion requirement of 28 U.S.C. § 2254. The requirement that state remedies be exhausted as a predicate to seeking federal habeas corpus relief is not jurisdictional. It is a policy of comity which reflects federal concerns that state courts be given one full opportunity to rectify constitutional errors without federal

intervention. If a state's highest court, in the exercise of its discretion, declines to review the merits of a conviction challenged on federal grounds, it is not appropriate to require the defendant to pursue state collateral remedies before seeking federal habeas corpus. *See United States ex rel. Fletcher v. Maroney*, 413 F.2d 16, 18 (3d Cir.1969) ("To require further recourse to the state post-conviction collateral machinery on issues already fully presented on direct appeal would be unnecessarily harsh and judicially wasteful.").

■■■ It has never been suggested that the applicability of this principle should turn upon the Pennsylvania Supreme Court's statements with regard to the petitioner's right to apply for relief under the Post Conviction Hearing Act. To require pursuit of collateral state remedies when the state's highest court specifically states that the denial of appeal is without prejudice to collateral remedies would substantially alter the carefully considered balance which underlies the general rule that post conviction relief need not be pursued when a direct appeal is complete. Such a requirement would mean that in a class of cases, the size of which is wholly controlled by the state supreme court, a petitioner would potentially be forced to raise his federal constitutional claims through two rounds of review in the state court. Since I can find no support for such a result, I conclude that the denial of allocatur without prejudice to an applicant's right to pursue his substantive claims under the Post Conviction Hearing Act should be viewed for purposes of exhaustion of state remedies as the equivalent of a denial of allocatur which is silent on the question of collateral relief.[3]

---

**2.** The remedies provided under the Pennsylvania Post Conviction Hearing Act are only available when the alleged error "has not been finally litigated or waived." 42 Pa.Cons.Stat.Ann. § 9543(4). For a claim to have been finally litigated, the Supreme Court must have ruled on the merits of the issue. 42 Pa.Cons.Stat.Ann. § 9544(a)(3). Therefore, the statement that the denial of allocatur is without prejudice to Post Conviction Hearing Act remedies may be an

attempt by the court to assure that a court considering a petition under the Post Conviction Hearing Act not conclude that consideration of the merits is barred as having been finally litigated on direct appeal.

**3.** If the Supreme Court's order is interpreted as a statement that it has not reviewed the claims on the merits but that application for relief under the Post Conviction Hearing Act should

That leaves me to consider the question raised by the motion for reconsideration: If the Pennsylvania Supreme Court's order is construed as a statement that the court will consider an application for a *nunc pro tunc* appeal after petitioner has pursued his claims of ineffective assistance of counsel through the Post Conviction Hearing Act, is it necessary for petitioner to pursue that avenue for review of his claims by the Pennsylvania Supreme Court prior to the filing of an application for habeas corpus relief in this court? It is generally established that exhaustion of state remedies requires the state courts to have had one full opportunity to consider the federal constitutional issues. Thus, the answer to the question raised by the motion for reconsideration involves consideration of the broader issue of when the state courts can be said to have had a "fair opportunity" to consider a claim. *See generally Carter v. Estelle*, 677 F.2d 427 (5th Cir.1982); *Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978); *Allen v. County Court, Ulster County*, 568 F.2d 998 (2d Cir.1977); *Emmett v. Ricketts*, 397 F.Supp. 1025 (N.D. Ga.1975).

A number of courts have held that the filing of an application for a *nunc pro tunc* appeal is not necessary to exhaust state remedies. *E.g., Thomas v. Wyrick*, 687 F.2d 235 (8th Cir.1982); *Adail v. Wyrick*, 671 F.2d 1218 (8th Cir.1982); *United States ex rel. Hasan v. Gernert*, 395 F.2d 193 (3d Cir.1968); *Ross v. Fulcomer*, No. 84–5774 (E.D.Pa. May 1, 1985); *Choice v. Pennsylvania Board of Parole*, 448 F.Supp. 294 (M.D.Pa.1977); *United States ex rel. Johnson v. Johnson*, 340 F.Supp. 1368 (E.D.Pa.1972); *United States ex rel. Brown v. Russell*, 318 F.Supp. 76 (E.D.Pa. 1970); *United States ex rel. McMullin v. Myers*, 257 F.Supp. 812 (E.D.Pa.1966). *See also Almeida v. Jeffes*, 566 F.Supp. 852 (E.D.Pa.1983) (if time for appeal has run,

no need to file untimely appeal). But several courts have taken the opposite tack. *E.g., Miller v. Harvey*, 566 F.2d 879 (4th Cir.1977); *United States ex rel. Johnson v. Cavell*, 468 F.2d 304 (3d Cir.1972); *Brown v. Patton*, 525 F.Supp. 1062 (E.D.Pa.1981); *Dunleavy v. Smith*, 501 F.Supp. 14 (S.D.N. Y.1980); *United States ex rel. Walker v. Philadelphia County Criminal Courts*, 335 F.Supp. 701 (E.D.Pa.1971); *Tippett v. Nelson*, 331 F.Supp. 383 (C.D.Cal.1971); *United States ex rel. Cornitcher v. Rundle*, 315 F.Supp. 1300 (E.D.Pa.1970) *aff'd* 455 F.2d 514 (3d Cir.1972); *Bowen v. Mazurkiewicz*, 315 F.Supp. 789 (E.D.Pa.1970); *United States ex rel. Herwegh v. Commonwealth*, 311 F.Supp. 403 (E.D.Pa.1968) *aff'd*, 423 F.2d 1203 (3d Cir.1970); *Goodrow v. Elk County Court of Common Pleas*, 308 F.Supp. 291 (W.D.Pa.1970); *United States ex rel. Cox v. Rundle*, 282 F.Supp. 115 (E.D.Pa.1968); *United States ex rel. Poulson v. Rundle*, 276 F.Supp. 506 (E.D.Pa.1967). However, in many of the latter class of cases the petitioner had not filed a timely appeal from the trial court so that *no* state appellate court had had the opportunity to consider the merits of his federal constitutional claims.

Whatever result was arrived at, courts considering this issue have generally focused upon the likelihood that the petitioner's direct appeal would be considered by the state's highest court if presented *nunc pro tunc*. This is in keeping with the view that the comity-based exhaustion requirement be confined to those state procedures which are likely to be effective.

■ It is the duty of the federal courts, when determining whether the remedies have been exhausted, to consider the effectiveness of those remedies and whether the delay and burden on the petitioner inherent in pursuing such remedies are warranted by the interest in assuring that the state courts be allowed ample opportunity to cor-

---

not be precluded, it is logical to assume that a further attempt to perfect a direct appeal *nunc pro tunc* would be futile. It is generally established that if state remedies would be futile or ineffective, it is not necessary for a habeas corpus petitioner to exhaust those remedies. *E.g.,*

*Perry v. Blackledge*, 453 F.2d 856 (4th Cir.1971). Thus, under this interpretation of the Pennsylvania Supreme Court's order, petitioner would have exhausted his state remedies at the present time.

rect their own errors. When these considerations are applied to the present case, it is clear that the further step which respondent contends is necessary to exhaust state remedies is not a procedure which should be required as a predicate to federal court consideration of petitioner's claims.

First, to require such a step here would place on petitioner the burden created by the state Supreme Court's ambiguous order. Not only would the petitioner have been required to spend considerable time in this court to discover the meaning of the Pennsylvania Supreme Court's order but he would also potentially spend more time without reaping any additional benefit for him or for federal comity interests should the state courts construe the Pennsylvania Supreme Court order in a different manner than has been suggested by respondent and thus, deny him the right to pursue the ineffective assistance claim or to file for appeal *nunc pro tunc.*

Second, if petitioner returns to the state courts and fails to satisfy those courts that ineffective assistance of counsel was the cause of his failure to appeal, he will nonetheless be allowed to return to this court to seek habeas corpus relief. At that point there would be no further avenues for direct review of the federal constitutional claims raised on appeal from his state conviction and he will have fully presented his claims to the state courts but there will have been no further consideration of his

substantive claims by those courts and, thus, no benefit to the comity interest underlying the exhaustion requirements.[4] Under such a scenario, no benefit would arise from having required the petitioner to pursue additional state procedures while substantial harm might result due to the significant delay in determination of the federal constitutional issues.

Third, if the petitioner pursues Post Conviction Hearing Act remedies on the question of ineffective assistance of appellate counsel and succeeds in those claims, it is not certain that the Pennsylvania Supreme Court would take the *nunc pro tunc* direct appeal. Although respondent has identified cases in which this has occurred, there is no *right* to petition for allocatur *nunc pro tunc.* It is within the discretion of the Pennsylvania Supreme Court to deny or grant such an appeal just as it would have been within that court's discretion to grant or deny the petition for allocatur had it been timely filed.

Assuming arguendo that the *nunc pro tunc* appeal would be allowed, I nonetheless conclude that it is inappropriate to demand use of these extraordinary procedures by petitioner. This is not a case in which the state appellate courts have had no opportunity to consider petitioner's claims. These issues have been fully analyzed by the Superior Court and they were presented in the brief submitted to the Pennsylvania Supreme Court. Thus, there have been opportunities for the state

**4.** It may be that at that point respondent would contend that the failure to perfect a direct appeal to the Pennsylvania Supreme Court constitutes a procedural default by petitioner precluding federal habeas corpus review. However, it is possible for a federal court to consider a state prisoner's habeas corpus petition even if he has committed a procedural default which caused him to forfeit his appeal to the state's highest court. The right to bring the federal habeas corpus action will then turn upon whether the petitioner has deliberately bypassed the state procedures. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The standards applied in determining whether a deliberate bypass has occurred are quite different from those used to decide an effective assistance of counsel

claim. Therefore, the state proceedings on the latter question would not be determinative of the question whether petitioner's federal remedies are barred by deliberate bypass of the state appeal. Furthermore, the question of deliberate bypass is governed by the federal standard for waiver of constitutional rights. Therefore, the federal courts would not be bound by any state determination on the question of waiver. *E.g., United States ex rel. Snyder v. Mazurkiewicz,* 413 F.2d 500 (3d Cir.1969); *United States ex rel. Simon v. Murphy,* 349 F.Supp. 818 (E.D.Pa. 1972). Consequently, neither the inquiry into the availability of a federal habeas corpus remedy nor the right to such a remedy would be affected by the state proceedings.

courts to evaluate these federal constitutional claims and to rectify any perceived errors. Consequently, to require petitioner to pursue further state procedures would do little to advance the comity concerns which motivate the exhaustion requirement.

On the other side of the balance from these comity interests are the interests of the petitioner in prompt consideration of his constitutional claims. To require pursuit of necessarily lengthy Post Conviction Hearing Act remedies on the question of ineffective assistance of appellate counsel to obtain a delayed direct appeal and ultimately arrive at the steps of the federal court would seem to disrespect those claims while inflating the exhaustion requirement beyond proper bounds. The Court of Appeals for the Third Circuit has said in a similar context, "it is the legal issues that are to be exhausted, not the petitioner." *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 893 (3d Cir.1975) (quoting from *Park v. Thompson,* 356 F.Supp. 783, 788 (D.Haw.1973)).

Therefore, I will deny respondent's motion for reconsideration to the extent it relies upon the proposition that petitioner has not exhausted all appropriate state remedies. It is not clear from that motion, however, whether respondent also wishes to raise a claim that petitioner's failure to perfect a timely appeal to the Pennsylvania Supreme Court constituted a deliberate bypass of state procedure and thereby waived his right to pursue federal remedies on the issues raised in that appeal. *See Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). *See also* note 4 *supra.* Due to this ambiguity, I am unable to consider that question at this time.

I will return this matter to Magistrate Hall for preparation of a Report and Recommendation on the merits of the petition. If respondent wishes to raise the deliberate bypass question, Magistrate Hall shall consider any submissions on that point in his Report and Recommendation on the merits.